No. 43,993

STATE OF KANSAS, *Appellee*, v. ELMER EDWARD YOUNG, *Appellant*.

(398 P. 2d 584)

Opinion filed January 23, 1965.

*James A. Pusateri*, of Olathe, argued the cause and was on the briefs for the appellant.

*James W. Bouska*, Assistant County Attorney, argued the cause, and *Hugh H. Kreamer*, County Attorney, and *William M. Ferguson*, Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Defendant, Elmer Edward Young, was tried, convicted and sentenced, pursuant to G. S. 1961 Supp., 21-2611 and G. S. 1949, 21-107a, on a charge of having a pistol in his possession or under his control, after having been previously convicted of felonious assault—and appeals.

The facts required for a proper understanding of the limited issue involved are not in dispute and may be stated thus.

On November 22, 1963, defendant, who had been charged with commission of the crime above indicated, appeared before the magistrate court of Johnson County, without counsel, where the complaint was read to him. Thereafter defendant requested an immediate preliminary examination and both parties (the state and the defendant) announced they were ready to proceed with that hearing. The state then presented its evidence and the defendant adduced no evidence. Thereupon the examining magistrate, having announced that he found from the evidence the crime as set out in the complaint had been committed in Johnson County and that there was probable cause to believe the defendant had committed it, bound defendant over for trial to the district court of Johnson County on the charge contained in the complaint.

Following the action just related an information was filed in district court charging defendant with having committed the crime in

question. On the same day defendant appeared before the district court and requested appointment of counsel as an indigent person. This request was granted and the court appointed James A. Pusateri, a competent and qualified attorney of Olathe, to represent and appear for defendant. Thereafter Mr. Pusateri represented defendant throughout all proceedings had in the case in the district court.

On December 13, 1963, defendant appeared in district court, waived the reading of the information charging him with the commission of the crime in question, and entered a plea of not guilty. Later the state asked for and was granted permission to amend the information. On January 6, 1964, defendant came before the court for arraignment on the amended information. At that time he again waived formal arraignment and entered a plea of not guilty.

Later, and on January 27, 1964, the case came on for trial by a jury which ultimately returned a verdict finding defendant guilty. This verdict was accepted and approved by the trial court which, after overruling defendant's motion for a new trial, rendered judgment and imposed sentence as heretofore indicated.

After judgment and sentence the trial court advised defendant of his rights of appeal under this court's Rule No. 56 (see 191 Kan. XII, Prefatory Rule No. 1 [f]), and Laws of 1963, Chapter 305, Section 1 [b]. Thereupon, having been informed and convinced that defendant desired to appeal to the Supreme Court from his judgment and sentence and was without means to either employ counsel or procure a transcript of the record for that purpose, the trial court appointed James A. Pusateri to represent him and conduct such an appeal and directed the court reporter to forthwith prepare a transcript of all proceedings had in the case and deliver the same to defendant and his court-appointed counsel.

Subsequently Mr. Pusateri perfected the instant appeal from defendant's judgment and sentence, filed an abstract and brief in the case, and personally appeared in this court on appellant's behalf upon oral argument of the cause.

In arguing the case on its merits counsel for appellant, with commendable candor, stated that the all-decisive question presented for appellate review was whether an indigent defendant has a constitutional right to have counsel appointed by the court to represent him at a preliminary hearing.

This court, in a long and unbroken line of decisions, has fully demonstrated that under the law of this state an accused has no

constitutional right to be furnished counsel at his preliminary hearing.

For one of our more recent decisions, where a like issue was presented and disposed of on the basis of facts, conditions and circumstances similar to those here involved, see *State v. Cox,* 193 Kan. 571, 396 P. 2d 326, where it is said and held:

"It is contended that defendant's constitutional rights were violated in that he was denied due process of law because of the fact he was not represented by counsel at his preliminary examination, and that under the rule of *Gideon v. Wainwright,* 372 U. S. 335, 9 L. ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, he was entitled to 'the guiding hand of counsel at every step in the proceedings against him.'

"The purpose and function of a preliminary examination for one charged with a felony under the laws of this state has been discussed in many of our decisions. Its purpose is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. It is not a 'trial' in the ordinary sense of the word, and neither is it a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only when the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. A defendant has the right to be assisted by counsel at a preliminary examination, but there is no statute requiring the appointment of counsel in such a proceeding, and it has been held many times that failure to appoint counsel at a preliminary examination is not error. (*State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978, and cases cited in the opinion.)

In *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788 (cert. den. 373 U. S. 919, 10 L. ed. 2d 418, 83 S. Ct. 1310), the conviction of defendants of murder in the first degree and imposition of the death sentence was upheld. They subsequently petitioned for federal habeas corpus. It was denied. On appeal to the United States Court of Appeals, Tenth Circuit, it was contended they were entitled to have counsel appointed for them prior to their preliminary examination, and reliance was had on the Gideon case, above. The contention was rejected, and in the course of the opinion the court commented that the Gideon case concerned the right of an accused to counsel at trial—not at a preliminary examination. (*Latham v. Crouse,* 320 F. 2d 120, 122, cert. den. 375 U. S. 959, 11 L. ed 2d 317, 84 S. Ct. 449.)

"In the case before us the record does not show that defendant even requested that counsel be appointed to represent him at his preliminary examination, and no claim is made that at his trial evidence was introduced with respect to his testimony at his preliminary examination. In fact, the record is devoid of any showing that defendant's rights were in any way prejudiced by the fact he was not represented by counsel at his preliminary examination. His contention with respect thereto, now urged in this appeal, is held to be without merit." (pp. 572, 573.)

For other decisions of like import see *State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978; *State v. Jordan,* 193 Kan. 664, 666, 396 P.

2d 342; *White v. Crouse,* 193 Kan. 674, 679, 396 P. 2d 333, and the numerous supporting decisions therein cited.

See, also, *State v. Crowe,* 190 Kan. 658, 378 P. 2d 89, and *State v. Naillieux,* 192 Kan. 809, 391 P. 2d 140, certiorari denied, _____ U. S. _____, 13 L. ed. 2d 67, 85 S. Ct. 131.

Although not assigned as error, and not actually here for purposes of appellate review because of failure to raise the point in the court below, it is suggested appellant did not have a preliminary examination on the charge which was filed against him in the district court. It must be remembered the record discloses that on the trial of the case in district court appellant, while represented by competent counsel, waived arraignment, pleaded not guilty, and went to trial on the amended information. Under such circumstances this court has long been committed to the rule that, thereafter, questions raised respecting lack of preliminary examination are no longer material and afford no sound basis for reversal of the judgment in a criminal action on appeal (*State v. Majors,* 182 Kan. 644, 323 P. 2d 917; *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451, and *State v. Wallgren,* 144 Kan. 10, 11, 58 P. 2d 74), or for the granting of a writ in a habeas corpus proceeding (*Thomas v. Hand,* 184 Kan. 485, 337 P. 2d 651, and *Ramsey v. Hand,* 183 Kan. 307, 309, 327 P. 2d 1080.)

Appellant's second and final specification of error, to the effect the trial court erred in overruling his motion for a new trial, is neither briefed nor argued. Under these circumstances this claim of error presents nothing for review and it should be overruled. (*White v. Crouse,* supra, p. 680.) Be that as it may, it should perhaps be stated that we have carefully examined the record submitted and find nothing which warrants or permits a conclusion the judgment of the district court should be reversed.

The judgment is affirmed.