No. 44,128

JOHN LAWRENCE BERGIN, *Appellant* v. STATE OF KANSAS, *Appellee.*

(400 P. 2d 978)

Opinion filed April 10, 1965.

*W. W. Urban,* of Lincoln, argued the cause, and was on the briefs for the appellant.

*Richard W. Wahl,* Special County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment of the district court of Lincoln County, Kansas, denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of the court in a criminal action.

There is no dispute between the parties as to the facts controlling the single question raised by the appeal. They appear from an agreed statement, signed by counsel and approved by the trial court, which reads:

"In accordance with Rule Six (p) of the Rules of the Kansas Supreme Court, the following agreed statement of fact is submitted in lieu of a formal abstract in connection with the forthcoming appeal of this matter to the Supreme Court of Kansas by John Lawrence Bergin:

"1. The appellant herein was the defendant in an action entitled *The State of Kansas v. John Lawrence Bergin,* Case No. 282 in the District Court of Lincoln County, Kansas; wherein the appellant was charged by the State of Kansas with Grand Larceny of an automobile and with having in his possession firearms, said appellant having been previously convicted of a felony.

"2. The Complaint was filed in the County Court of Lincoln County, Kansas, on the 17th day of September, 1962.

"3. The appellant appeared before the County Court of Lincoln County, Kansas, on the 17th day of September, 1962. He appeared without counsel

and waived preliminary hearing; whereupon he was bound over to the next term of the District Court. Upon failure to post bond for his appearance at the District Court, appellant was committed to the Lincoln County Jail to await trial.

"4. On that same date, to-wit, the 17th day of September, 1962, an Information was filed in the District Court of Lincoln County, Kansas, by the County Attorney charging appellant in two counts, namely, Grand Larceny and Unlawful possession of firearms.

"5. On October 5, 1962, the appellant appeared before the District Court of Lincoln County, Kansas, without counsel, and the Court appointed W. W. Urban, a member of the Lincoln County Bar, to represent and defend the appellant in that case.

"6. After appointment of counsel, the Court granted a recess to allow appellant time to confer with his counsel, and after said recess appellant announced himself ready for arraignment.

"7. After formal arraignment, the appellant entered his plea of guilty to both counts of the Information and the Court accepted his plea and passed sentence upon appellant, all on the 5th day of October, 1962. Appellant was sentenced to be confined in the Kansas State Penitentiary at Lansing, Kansas, at hard labor for a period of not less than five nor more than fifteen years on count one, and for a period not to exceed five years on count two; said sentences to run concurrently.

"8. On July 27, 1964, appellant filed a motion in the District Court of Lincoln County, Kansas, under the provisions of Section 60-1507 of the Revised Code of Kansas, to vacate the judgment and sentence entered on October 5, 1962, in Criminal Case No. 282, on the ground that counsel was not appointed for him at his preliminary hearing; and at the same time appellant requested that counsel be appointed to represent him upon presentation of his motion.

"9. On August 11, 1964, the District Court appointed W. W. Urban, a member of the Lincoln County Bar, to represent appellant on his motion.

"10. On September 10, 1964, the District Court entered an order, finding that it was not necessary to produce appellant in person from the Kansas State Penitentiary for the hearing on his motion; that no rights of the appellant under the Constitution of the United States or the Constitution of the State of Kansas were denied or infringed; that the records of Case No. 282 showed conclusively that the appellant was not entitled to the relief asked for, and the application of the appellant was thereupon summarily denied.

"11. That the appellant does appeal from the order and judgment of the District Court entered on September 10, 1964.

"12. That copies of the order appealed from the notice of appeal, Appellant's motion for waiver of Rule 3 and for filing of a typewritten abstract and brief, and the court's order allowing same, are attached hereto and made a part hereof."

Supplementing what has just been quoted it should be stated that, in addition to matters not specifically referred to in the aforesaid factual statement, the journal entry of judgment in the original criminal action recites:

"The Court further finds that the judgment and sentence of the Court entered in said Criminal Case No. 282 on October 5, 1962, was regular and in conformity with Kansas law; . . . and that no constitutional right of the plaintiff was violated by failure to appoint counsel at his preliminary hearing in that plaintiff waived preliminary hearing, and no rights of the plaintiff were lost."

Both in his brief and on oral argument of the case on its merits appellant's counsel, with commendable candor, concedes that the all-decisive question presented for appellate review in the case at bar is whether an indigent defendant has a constitutional right to have counsel appointed by the court to represent him at a preliminary hearing. With equal candor he also concedes that, procedurally speaking, the judgment and sentence in the instant case are regular and in conformity with the present laws of Kansas; and that, under a long and unbroken line of decisions, down to and including *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. ed. 2d 571, 85 S. Ct. 686, and the numerous decisions therein cited, this court has been committed to the rules adhered to in *State v. Nallieux*, 192 Kan. 809, 391 P. 2d 140, certiorari denied, 379 U. S. 864, 13 L. ed. 2d 67, 85 S. Ct. 131, where it is said and held:

"See, also, *State v. Crowe*, 190 Kan. 658, 378 P. 2d 89, where it was further held:

" 'A preliminary hearing in a felony case is not a trial in the sense that word ordinarily is used. Absent a statute requiring appointment of counsel, without request therefor, a defendant's constitutional rights are not invaded by waiving his preliminary examination without counsel.' (Syl. ¶ 1.)" (p. 811.)

Having made the concessions, heretofore indicated, appellant contends that, notwithstanding what the law of this state may have been in the past, the recent decision of the Supreme Court of the United States in the case of *Gideon v. Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, requires a complete reappraisal of this entire area of Kansas law and that the previous Kansas rule on the right to appoint counsel at a preliminary hearing, as stated in *State v. Daegele*, supra should now be overruled.

In making the foregoing argument appellant wholly overlooks the fact that, following *Gideon v. Wainwright*, supra, this court reviewed and reappraised its cases in the light of that decision and failed to find anything therein which would either warrant or require the overruling of its decision in *State v. Daegele*, supra. See, e. g., *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, where, under

conditions and circumstances quite similar to those here involved, it is said and held:

"It is contended that defendant's constitutional rights were violated in that he was denied due process of law because of the fact he was not represented by counsel at his preliminary examination, and that under the rule of *Gideon v. Wainwright,* 372 U. S. 335, 9 L. ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, he was entitled to 'the guiding hand of counsel at every step in the proceedings against him.'

"The purpose and function of a preliminary examination for one charged with a felony under the laws of this state has been discussed in many of our decisions. Its purpose is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. It is not a 'trial' in the ordinary sense of the word, and neither is it a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only when the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. A defendant has the right to be assisted by counsel at a preliminary examination, but there is no statute requiring the appointment of counsel in such a proceeding, and it has been held many times that failure to appoint counsel at a preliminary examination is not error. (*State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978, and cases cited in the opinion.)

"In *State v. Latham & York,* 190 Kan. 411, 375, P. 2d 788 (cert. den. 373 U. S. 919, 10 L. ed. 2d 418, 83 S. Ct. 1310), the conviction of defendants of murder in the first degree and imposition of the death sentence was upheld. They subsequently petitioned for federal habeas corpus. It was denied. On appeal to the United States Court of Appeals, Tenth Circuit, it was contended they were entitled to have counsel appointed for them prior to their preliminary examination, and reliance was had on the Gideon case, above. The contention was rejected, and in the course of the opinion the court commented that the Gideon case concerned the right of an accused to counsel at trial—not at a preliminary examination. (*Latham v. Crouse,* 320 F. 2d 120, 122, cert. den. 375 U. S. 959, 11 L. ed. 2d 317, 84 S. Ct. 449.)

"In the case before us the record does not show that defendant even requested that counsel be appointed to represent him at his preliminary examination, and no claim is made that at his trial evidence was introduced with respect to his testimony at his preliminary examination. In fact, the record is devoid of any showing that defendant's rights were in any way prejudiced by the fact he was not represented by counsel at his preliminary examination. His contention with respect thereto, now urged in this appeal, is held to be without merit." (pp. 572, 573.)

For another decision of like import see *State v. Young,* 194 Kan. 242, 398 P. 2d 584, where, after quoting the foregoing quotation from the Cox case verbatim, we held:

"Under the facts, conditions and circumstances set forth at length in the opinion, and following the numerous decisions therein cited, it is *held* that an

indigent defendant does not have a constitutional right to have an examining magistrate furnish him with counsel for his preliminary hearing." (Syl.)

And in the opinion said:

"This court, in a long and unbroken line of decisions, has fully demonstrated that under the law of this state an accused has no constitutional right to be furnished counsel at his preliminary hearing." (pp. 243, 244.)

See, also, *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799, where it is said and held:

". . . The Kansas preliminary hearing, as it is ordinarily conducted, has been held not to be a critical stage in the criminal proceeding. Thus, a waiver of the preliminary hearing may be made without the appointment of counsel. *(Latham v. Crouse,* 320 F. 2d 120, 122 [10th C. C. A. 1963], cert. den. 375, U. S. 959, 11 L. Ed. 2d 317, 84 S. Ct. 449 [1963].)" (p. 485.)

For other recent decisions, dealing with the same subject and reaching like conclusions, see *State v. Jordan,* 193 Kan. 664, 666, 396 P. 2d 342; *White v. Crouse,* 193 Kan. 674, 679, 396 P. 2d 333; *State v. King,* 194 Kan. 629, 400 P. 2d 975, and *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743 (this day decided).

In the face of the agreed facts, conditions and circumstances set forth at length in this opinion, and based on what is said and held in the decisions heretofore cited, we have no difficulty in concluding that the sole and all-decisive question raised by appellant in this case lacks merit and cannot be upheld. It follows the district court did not err (1) in holding that no constitutional right of the appellant was violated by failure of the examining magistrate to appoint counsel for him at his preliminary hearing or (2) in refusing to vacate and set aside its original judgment and sentence in the criminal action. We are convinced these conclusions become inescapable when it is kept in mind that, under the facts as stipulated, the record is devoid of any showing whatsoever, indeed it is not even claimed, that appellant's rights were in any way prejudiced by the fact he was not represented by counsel at his preliminary hearing.

Finally it should be stated that a further ground for affirmance of the trial court's judgment is to be found in our decisions. The well-established rule of this jurisdiction is that any claimed irregularities pertaining to a preliminary examination and/or preliminary hearing are deemed to be waived where the defendant in a criminal action enters a voluntary plea of guilty in the district

court. See, e. g., *Foster v. Hudspeth,* 170 Kan. 338 (Syl. ¶ 3), 224 P. 2d 987, (petition for writ of certiorari dismissed on motion of petitioner), 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503; *State v. Daegele,* 193 Kan. 314, 316, 317, 393 P. 2d 978; *State v. Jordan,* 193 Kan. 664 (Syl. ¶ 4), 667, 396 P. 2d 342, and *White v. Crouse,* 193 Kan. 674, 679, 396 P. 2d 333.

The order and judgment of the district court is affirmed.