No. 44,072

James Tarr, *Appellant,* v. State of Kansas, *Appellee.*

(402 P. 2d 309)

Opinion filed May 15, 1965.

*Albert S. Teed,* of Hutchinson, argued the cause, and was on the brief for the appellant.

*Raymond F. Berkley,* assistant county attorney, argued the cause, and *Richard J. Rome,* county attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: James Tarr, appellant, was charged by an information in the district court with the crime of rape as defined by K. S. A. 21-424, and upon trial was found guilty as charged and subsequently sentenced to the state penitentiary for the offense. While confined he invoked the provisions of K. S. A. 60-1507, seeking to set aside and vacate the judgment and sentence on the ground he was not afforded counsel at his preliminary hearing. From an order of the trial court denying plaintiff James Tarr relief under the mentioned statute, he appeals.

The sole question presented in this appeal is whether or not an indigent defendant has a constitutional right to have counsel appointed by the court to represent him at a preliminary hearing.

It is a well-established law in this state that failure to appoint counsel at a preliminary examination is not error. No useful purpose would be gained in discussing this matter further. Suffice it to say the question was thoroughly dealt with in the well-annotated opinion in the case of *Bergin v. State,* 194 Kan. 656, 400 P. 2d 978, wherein our previous decisions, *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, cert. denied (January 18, 1965) 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *State v. King,* 194 Kan. 629, 400 P. 2d 975; *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788, cert. denied 373 U. S. 919,

10 L. Ed. 2d 418, 83 S. Ct. 1310; and *State v. Young*, 194 Kan. 242, 398 P. 2d 584, and the federal decisions were reviewed and discussed, and it was held that an accused has no constitutional right to be furnished counsel at his preliminary hearing.

The judgment of the trial court is affirmed under authority of *Bergin v. State*, supra, and cases therein cited.