No. 44,171

WAYNE POWERS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(402 P. 2d 328)

Opinion filed May 15, 1965.

*Tudor M. Nellor,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Robert D. Loughbom,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Leo J. Moroney,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner in a proceeding initiated pursuant to K. S. A. 60-1507, wherein he moved the court for an order vacating and setting aside the judgment and sentence of the court imposed upon him in a criminal action on June 25, 1962, on the ground that the sentence was imposed in violation of the Constitution and laws of the United States, and the Constitution and laws of the state of Kansas, in that he was

not represented by counsel at all stages of the criminal proceedings against him. After hearing the trial court overruled the motion.

The underlying question in the case is whether the petitioner's constitutional rights have been violated.

The petitioner herein, an indigent, was permitted both in the trial court, and on appeal to this court, to proceed *in forma pauperis*, and pursuant to rule No. 121 of the Supreme Court counsel has been appointed to represent the petitioner throughout the proceeding. The necessary transcripts of proceedings both in the criminal case and in the instant proceeding have been supplied the petitioner.

The petitioner, appellant herein, was the defendant in criminal case No. 17,893-Cr., in the district court of Wyandotte County, Kansas. The record discloses he was taken into custody on March 15, 1962, investigated and accused by the police of the city of Kansas City, Kansas, of the crimes of burglary and larceny. A written confession was obtained by the police on March 15, 1962, and used in his jury trial. The complaint charging such felonies was filed on March 21, 1962, and a warrant issued thereon for his arrest on March 27, 1962. On the 10th day of April, 1962, the appellant, no counsel having been appointed for him, and without legal advice, waived preliminary hearing. On the 1st day of June, 1962, Edward W. Brunk was appointed to represent him as counsel.

The testimony given by a police officer at the hearing on the instant motion was to the effect that the appellant and Charles Wells had been in custody by the police for a period of twelve hours on the morning of March 15, 1962, when the witness questioned both of the defendants together sometime between 1:00 and 3:00 o'clock p. m. on that same day. He warned the appellant that the statement he asked him to give could and would be used against him in court, and that he had a right to consult an attorney before signing the statement. The appellant answered, "Get along with it." A written statement was then taken from both the appellant and another defendant. He testified no threats were made to the appellant, no physical violence was used on him, and that no promises were made to him of any favor to induce such statement. He said he presumed the statement was voluntary, and

he presumed it was made because of a knowledge of guilt. The appellant informed the witness that he did not want to consult a lawyer because he figured it would not be of any use. He was then being accused of specific burglaries and larcenies which were later the subject of the criminal action which resulted in his arrest and conviction.

At the trial of the criminal action counsel representing the appellant objected to the use and admissibility of the confession. This objection was overruled and the confession was allowed to be used in evidence.

There is no evidence that an attorney advised or represented the appellant prior to the giving of the written statement or the furnishing of oral information to the police officer.

At the hearing on the instant motion in the trial court, counsel appointed for the appellant presented his motion. The appellant did not testify and he did not produce the testimony of any witness in support of his motion. Counsel made a statement presenting the grounds relied upon by the petitioner.

The grounds relied upon in the motion and the points designated on appeal to this court by the appellant are:

"1. Petitioner, an indigent person with very little formal education and now confined in the State Penitentiary, was denied the benefit of the advice and legal services of effective counsel as guaranteed to him by the United States Constitution, amendments 5, 6 and 14 and by Section 10 of the Bill of Rights of the Constitution of the State of Kansas at all times and places critical to the petitioner and needed by him.

"2. Petitioner had no counsel at his preliminary hearing or during the time he was being confined, investigated and accused by the police of burglary and larceny.

"3. Petitioner was compelled and coerced to be a witness against himself as he was required to make a written confession to the police which was used by the County Attorney in the jury trial of the petitioner over the petitioner's objections.

"4. The petitioner, without aid or advice of counsel, waived preliminary hearing without full knowledge of benefits being waived or lost by him.

"5. Petitioner charges that Mr. Edward W. Brunk, attorney, of the Wyandottee County Bar, appointed counsel for the petitioner in the District Court, did not fully perform his duties and services in that he did not advise petitioner of the charges and penalties.

"6. Written notice of intent to invoke the habitual criminal statute, 21-107 (a), was not served on the petitioner or his attorney.

"7. Petitioner is being illegally confined and restrained in the State Penitentiary at Lansing, Kansas, under void sentence of the District Court of

Wyandotte County, Kansas, in case No. 17,893-Cr., entitled State of Kansas v. Wayne Powers, all in violation of petitioner's constitutional rights and guarantees."

The trial court, after hearing the motion, overruled it and found:

1. That petitioner was given notice in writing prior to the trial of the state's intention to invoke the habitual criminal act.

2. That the court-appointed counsel was competent and experienced to represent the petitioner in his defense of the criminal case and was not remiss in the discharge of his duties, and the petitioner was adequately represented.

3. That petitioner was adequately and fully advised of all his rights at the time or arraignment, and was not prejudiced by his waiver of his right to a preliminary hearing in view of his plea of not guilty; that the acceptance of the court of his waiver of his right to a preliminary hearing was in no way violative of petitioner's rights.

4. That none of petitioner's rights were violated at the trial of said cause in case No. 17,892-Cr. by the admission into evidence of petitioner's signed statement taken before arraignment and before petitioner was represented by counsel. Petitioner was adequately and competently represented at the trial of said cause by experienced counsel; the court heard the evidence relevant to the admissibility of said statement, the proper foundation laid for said admission, and the court subsequently admitted said statement into evidence. The court found petitioner's rights were fully protected in all respects thereto.

Thereafter the trial court permitted counsel who represented the appellant at the hearing on the motion to withdraw and appointed in his place Tudor M. Nellor, an attorney of the Wyandotte County Bar, to assist the appellant in perfecting and presenting his appeal to the Supreme Court.

In all candor counsel representing the appellant in this court concedes that findings No. 1 and No. 2 made by the trial court are supported by the record, and therefore abandons the points designated as No. 5 and No. 6, heretofore quoted. The appellant's counsel on appeal further concedes 'in all candor, if this court should adhere to its past decisions, the additional points relied upon by the appellant on this appeal should not be sustained. He contends, however, in view of recent federal decisions, such additional points do have merit.

The appellant's argument, relying upon *Gideon v. Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733 (1963), and *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964), proceeds on the assumption that a layman is not capable of adequately representing himself in legal proceedings—that the test laid down in these cases is whether the accused

is in need of legal advice. It is contended the logic of the *Gideon* and *Escobedo* cases applies to any case or situation where the accused might then or later suffer deprivation of his liberty. It is argued the incompetence, indigence, ignorance and lack of training or experience prevents an individual accused of crime from making an intelligent decision concerning the selection or waiver of counsel; that he is unable to recognize whether or not he is in a critical situation that endangers his liberty; that he does not then know he can have or needs the efficient services of counsel at that time.

The appellant's contention is summarized in the following statement made by counsel in his brief:

"The equal protection and due process clause of the Fourteenth Amendment *requires States to recognize and provide the person in criminal matters, counsel and to protect them* as an 'incompetent' person might be protected by a guardian with special legal ability. Personal liberty is a jealously guarded right under our legal system requiring efficient services of lawyers in time to protect the rights of the person."

In support of the foregoing contention it is argued the *Escabedo* case has apparently extended the constitutional counsel doctrine as first reflected in the *Gideon* case, and that the United States Supreme Court has applied the *Gideon* decision retroactively, and has in legal effect directed state courts to guarantee counsel in the preliminary hearing and accusation stage of the case.

The simple answer to the foregoing argument is that the Federal Supreme Court has never said one accused of crime is an incompetent person and entitled to counsel as such at every stage in a criminal proceeding.

No case is cited which states or suggests that counsel must be provided at the investigation stage, or preliminary hearing stage, of a criminal case in Kansas, where the defendant has not requested counsel, has been informed of this rights to counsel, and makes an intelligent waiver, as the appellant did in the case presently before the court.

*Gideon v. Wainwright,* supra, refers to the right of an accused to counsel at a trial unless competently and intelligently waived. The guiding hand of counsel referred to in that case pertains to the services of counsel to explain the indictment, prepare the defense, and to assist the accused in the proper admission of evidence and in the trial of the case. It considers the right of one charged with a crime to counsel at a trial, so that the trial may be fair.

The record in the instant case discloses the appellant was advised of his right to consult with an attorney prior to the taking of a statement from him by the police officer at the investigation stage of the case; that the appellant did not request counsel, and, in fact, did not want counsel.

In the instant case the appellant waived preliminary hearing and entered a plea of not guilty. This is not a trial in the ordinary sense of the word. In Kansas one may not be found guilty at a preliminary hearing, and there is no statute requiring counsel to be appointed. This court has repeatedly held that a trial court does not err in its failure to appoint counsel to represent an indigent defendant at a preliminary hearing. This point was recently reviewed, discussing both the state and federal cases, in *State v. Richardson*, 194 Kan. 471, 483, 399 P. 2d 799. (See, also, *State v. Cox*, 193 Kan. 571, 396 P. 2d 326; and *State v. Jordan*, 193 Kan. 664, 396 P. 2d 342.)

The appellant contends he was compelled and coerced to be a witness against himself.

The trial court in the criminal case made an examination and inquiry concerning the confession, out of the presence of the jury, and was satisfied as a result thereof that it was freely and voluntarily entered into. It thereafter permitted the confession to be introduced in evidence.

Here again the appellant contends under *Escobedo* the burden is now on the state to prove the defendant's "competence," that he intelligently comprehended and that his waiver of rights was arrived at by his considered judgment as might be exercised by a knowledgeable and sophisticated lawyer. It is argued the state failed to prove this. The appellant contends the presumption is that an indigent defendant is "incompetent." We do not agree.

An indigent person is one who is destitute of property or means of comfortable sustenance; one who is needy or poor. (Bouvier's Law Dictionary, Vol. 1, Rawle's Third Revision, p. 1545.) The term "indigent" is commonly used to refer to one's financial ability, and ordinarily indicates one who is destitute of means of comfortable subsistence so as to be in want. (2 Words and Phrases, Second Series, p. 1046.)

The *Escobedo* case, upon which the appellant relies for this point, was discussed and quoted in *State v. Richardson*, supra, to which

reference is made. The facts in the *Escobedo* case are in sharp contrast to the facts in the instant case. In *Escobedo* the accused had retained counsel of his own, and had requested permission to consult with his counsel prior to making a statement to investigating officers. He was not informed of his right to remain silent. Furthermore, counsel retained by the accused in *Escobedo* was denied access to his client. Under these circumstances the taking of a statement from the accused by a trained investigating officer in which he elicited incriminating statements, was held to be inadmissible in evidence against him at the criminal trial.

In the instant case the appellant did not request counsel of his own, or any counsel, at the investigation stage of the case, stating he did not want a lawyer. He voluntarily made a statement.

Nothing in the record before us suggests that the appellant made a coerced confession. Confessions, voluntarily made, are not inadmissible because made at a time when the accused did not have counsel. (*Latham v. Crouse,* 320 F. 2d 120 [10th Cir. 1963], cert. den. 375 U. S. 959, 11 L. Ed. 2d 317, 84 S. Ct. 449 [1963].)

Inasmuch as we find the *Gideon* and *Escobedo* cases inapplicable to the facts presently confronting the court, it is unnecessary to determine whether or not these decisions have retroactive application as urged by the appellant.

Other points raised by the appellant are either moot or beyond the jurisdiction of this court to entertain, and we therefore decline to comment upon them.

The judgment of the lower court is affirmed.