No. 44,022

STATE OF KANSAS, *Appellee,* v. CLAUDE GEORGE ATKINS, *Appellant.*

(403 P. 2d 962)

Opinion filed July 10, 1965.

*Howard C. Wilson,* of Sharon Springs, argued the cause and was on the brief for the appellant.

*Jesse I. Linder,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

ROBB, J.: Defendant, upon his own plea of guilty, was convicted of the offenses of burglary in the second degree and grand larceny. He was sentenced to confinement in the penitentiary.

He has appealed, and the only question presented concerns the fact he was not represented by counsel at his preliminary examination.

The record shows the following:

On November 14, 1963, in the county court of Wallace county a complaint was filed charging defendant in two counts—burglary in the second degree and grand larceny. On November 14 he was brought before the court. The state requested that his preliminary examination be continued. He agreed to it. On December 2 defendant was again brought before the court and was advised of his rights to employ counsel and to a sufficient opportunity in which to prepare his defense. He advised the court he was without money to employ counsel and stated that he waived his rights to a preliminary examination and agreed that he be bound over for trial on the charges against him. Notwithstanding his waiver of a preliminary examination the state, with the consent of the court, introduced the oral testimony of the sheriff which, we are told—and it is not disputed, consisted only of testimony concerning his investigation of the burglary and larceny and did not include any reference to any statements made by defendant during the course of the investigation. Defendant declined to cross-examine the witness. At the

conclusion of the hearing defendant was bound over to the district court for trial.

On December 16, defendant was brought before the district court. Being an indigent person and without counsel, the court appointed James E. Taylor, an experienced and capable member of the local bar, to represent him. Mr. Taylor and defendant were given the time and opportunity to confer privately—which they did. Later, on the same day, counsel and defendant informed the court they were ready for further proceedings—whereupon they waived formal arraignment and defendant entered a plea of guilty to each of the charges. No reason being given why sentence should not be pronounced, defendant was sentenced to confinement in the penitentiary, the sentences to run concurrently.

On June 9, 1964, defendant mailed a "Notice of Appeal" to the district judge. This document was ordered filed and was, under the circumstances, considered as a valid notice of appeal by all parties. Present counsel was appointed to represent defendant in his appeal, and he has filed an abstract and brief and appeared on oral argument of the appeal.

The sole specification of error is:

"Defendant was indigent and not represented by counsel at his preliminary hearing in the County Court of Wallace County, Kansas in violation of the Sixth Amendment to the Constitution as made obligatory upon the States by the Fourteenth Amendment."

and so the only question is whether an indigent defendant has a constitutional right to have counsel appointed to represent him at a preliminary examination.

The question has been before this court many times—particularly within the past year or two—and it uniformly has been answered in the negative. There is nothing about the facts of this case to bring it outside the general rule. No useful purpose would result from discussing the matter further. It has been dealt with in many cases. See *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978 (cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686), *Tarr v. State,* 194 Kan. 798, 402 P. 2d 309, *Portis v. State,* 195 Kan. 313, 403 P. 2d 959, and the many cases cited in those opinions.

The judgment is affirmed.