No. 44,150

Andrew Murray Chance, Jr., *Appellant*, v. State of Kansas, *Appellee.*

(407 P. 2d 236)

Opinion filed November 6, 1965.

*O. M. Wheat*, of Medicine Lodge, argued the cause and was on the briefs for the appellant.

*Thomas L. McGuire*, County Attorney, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order and judgment of the district court of Barber County denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of that court in a criminal action.

The facts required to dispose of the appeal will be stated as briefly as the state of the record permits.

On May 12, 1960, appellant was taken before a proper magistrate in Barber County under a complaint and warrant charging him with the crime of forgery in the second degree for a preliminary examination. There, without counsel, he announced in open court that he desired to and did waive such preliminary examination. Thereupon appellant was bound over to the district court for trial.

Following the action just related an information was filed in the district court charging appellant with having committed the crime in question. Prior to his arraignment in district court on May 24, 1960, the court inquired of appellant if he had a lawyer or needed one for his defense. Appellant answered that he did not have counsel or funds to employ one and asked that the court appoint

an attorney to represent him. The court then appointed J. Raymond Eggleston, an able and well-qualified attorney of Medicine Lodge, to represent appellant in the case. Latter, and on the same day, his court-appointed counsel being present, the court inquired of appellant if he had had an opportunity to confer with his attorney and if he was ready to be arraigned. Having received an affirmative answer to both questions the court then asked how the appellant desired to plead. Thereupon appellant, through his court-appointed counsel, waived formal arraignment and entered a plea of guilty to the crime of forgery as charged in the information. The court then inquired of appellant and his counsel if there was any legal reason why sentence should not be pronounced and, when negative answers were made to this inquiry, proceeded to sentence appellant to the Kansas State Penitentiary for the period of time prescribed by statute for commission of the crime to which he had entered his plea of guilty.

More than four years after he had been sentenced to the penitentiary on his plea of guilty to forgery in the second degree (G. S. 1949, 21-608 [now K. S. A. 21-608]) appellant filed a letter in the district court of Barber County wherein he asked in substance that such letter be treated as a motion under 60-1507, *supra,* to vacate and set aside his judgment and sentence on the grounds of illegal incarceration in that (1) he was not represented by counsel at his arraignment; (2) he was not advised of Supreme Court Rule No. 56 pertaining to appeals; and (3) he was not represented by counsel at his preliminary examination.

The district court granted appellant's request as to the import to be given the foregoing motion and, on November 6, 1964, conducted a hearing thereon after which it overruled such motion holding in substance that as to (1), *supra,* the record affirmatively disclosed appellant's claim with respect thereto was false and untrue; that as to (2), *supra,* the record was devoid of any evidence that appellant made any attempt to appeal from his conviction on his plea of guilty, or that he had any desire to appeal, and that the time in which he had a statutory right to appeal from his judgment and sentence had long since expired; and that as to (3), *supra,* the court found that the question therein raised had been decided adversely to appellant's contention in *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686, and the decisions therein cited. As an additional ground for

overruling the motion the court stated and held it had carefully examined such motion, as well as all files and records in the action resulting in appellant's conviction and sentence, and found that the motion and the files and records in the initial action conclusively established that appellant was not entitled to any of the relief sought in his motion.

Thereafter, and on November 16, 1964, appellant filed a handwritten notice of appeal in the district court of his intention to appeal from that court's decision of November 6, 1964, along with an application asking that the court grant him leave to proceed *in forma pauperis,* furnish him with a free transcript, and appoint an attorney to represent him in the appeal.

On November 24, 1964, the district court found that the requirements of Rules 6 and 9 of this court would, because of indigence of the appellant, amount to a denial of an appellate review and that it should authorize appellant to perfect an appeal *in forma pauperis.* Thereupon it ordered that appellant be permitted to appeal in that manner and directed that he be furnished, free of cost, with two legible typewritten copies of the entire record in the instant case and in the criminal action. At the same time it found that the instant appeal would present no substantial question of law or triable issue of fact and that appellant's request for appointment of counsel to represent him in the appeal should be denied.

Later, and on February 8, 1965, the court, on its own motion, found that this court's Rule 121 was in force and effect on November 24, 1964, that such rule required the appointment of counsel to assist the appellant in his appeal and that the court was in error in not acceding to his request to appoint an attorney to represent him in such appeal. Thereupon the court appointed O. M. Wheat, a capable and well-qualified attorney of Medicine Lodge, to represent him in this court in the instant appeal. Mr. Wheat fulfilled this obligation by filing a proper record and brief in appellant's behalf and by orally arguing the cause on the date his appeal was heard by this court on its merits.

In concluding the foregoing factual statement it should perhaps be stated the record in this case does not show that appellant ever requested that counsel be appointed to represent him at his preliminary examination, that no claim is made that at his trial evidence was introduced with respect to anything that happened at his preliminary hearing, and that in fact such record is devoid of any

showing that his rights were in any way prejudiced by the fact he was not represented by counsel at that hearing.

Both in his brief and on oral argument of this case on its merits appellant's counsel, with commendable candor, concedes that the all-decisive question presented for appellate review is whether an indigent defendant has a constitutional right to have counsel appointed by the court to represent him at his preliminary examination. With equal candor counsel admits that, procedurally speaking, the judgment and sentence in the instant case are regular and in conformity with the present laws of Kansas. He likewise concedes this court has universally held, that since a preliminary hearing is not a trial in the sense that a defendant may be found guilty and he is bound over for trial only where the state establishes that an offense has been committed and there is probable cause for charging him with its commission—otherwise he is to be discharged—an indigent defendant has no constitutional right to have counsel appointed to represent him at his preliminary examination.

Having made the concessions, previously indicated, appellant contends that, notwithstanding what the law of this state may have been in the past, we should now reappraise this entire area of Kansas law and overrule our existing decisions as to the right of an indigent defendant to have court-appointed counsel at his preliminary hearing. The difficulty with all contentions raised by appellant on this point lies in the fact that this court, in the face of a like contention and under similar facts and circumstances, has previously, and on numerous occasions, determined all questions raised by him with respect thereto adversely to his position. See, e. g., *Bergin v. State*, 194 Kan. 656, 658, 659, 400 P. 2d 978.

See, also, *Portis v. State*, 195 Kan. 313, 403 P. 2d 959, (decided July 10, 1965), where it is held:

"In this jurisdiction the purpose of a preliminary examination before a magistrate for one charged with a felony is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. The proceeding is not a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only where the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. (K. S. A. 62-618.)

"Under the facts, conditions and circumstances set forth at length in the opinion, and following the numerous decisions therein cited, it is *held* that an indigent defendant does not have a constitutional right to have an examining magistrate furnish him with counsel for his preliminary hearing." (Syl. ¶¶ 1, 2.)

And in the opinion, where numerous decisions are cited, said:

"This court, in a long and unbroken line of decisions, has fully demonstrated that in view of the existing law of this state an accused has no constitutional right to be furnished court-appointed counsel at his preliminary hearing. Nothing would be gained and it would only encumber our reports to here set forth at length what is said and held in our numerous decisions adhering to the view just stated, under facts, conditions and circumstances similar to those here involved. For a few of our more recent decisions, the opinions of which are incorporated herein by reference and made a part of this opinion, see *State v. Crowe*, 190 Kan. 658, 378 P. 2d 89; *State v. Robertson*, 190 Kan. 771, 378 P. 2d 37; *In re Mortimer*, 192 Kan. 164, 386 P. 2d 261; *State v. Naillieux*, 192 Kan. 809, 391 P. 2d 140, certiorari denied, 379 U. S. 864, 13 L. Ed. 2d 67, 85 S. Ct. 131; *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, certiorari denied, 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350; *State v. Jordan*, 193 Kan. 664, 666, 396 P. 2d 342, certiorari denied, 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *White v. Crouse*, 193 Kan. 674, 679, 396 P. 2d 333, certiorari denied, 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814; *State v. Young*, 194 Kan. 242, 398 P. 2d 584; *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799; *State v. Baier*, 194 Kan. 517, 399 P. 2d 559; *State v. Blacksmith*, 194 Kan. 643, 400 P. 2d 743; *Bergin v. State*, 194 Kan. 656, 400 P. 2d 978; *State v. Wharton*, 194 Kan. 694, 401 P. 2d 906; *Tarr v. State*, 194 Kan. 798, 402 P. 2d 309; *Powers v. State*, 194 Kan. 820, 402 P. 2d 328." (p. 316.)

For more recent decisions of like import, not cited in the *Portis* case, see *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, certiorari denied, 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143; *State v. Atkins*, 195 Kan. 182, 403 P. 2d 962; *Zumalt v. State*, 195 Kan. 520, 407 P. 2d 234, and *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486.

Based on the undisputed facts, conditions and circumstances set forth at length in this opinion, and on what is said and held in the heretofore cited decisions, we have no difficulty in concluding that the trial court did not err in denying appellant's 60-1507, *supra*, motion to vacate and set aside his prior judgment and sentence.

In conclusion it should be stated that a further ground for affirmance of the district court's action in denying the appellant's motion to vacate and set aside his prior judgment and sentence is to be found in our decisions. The established rule of this jurisdiction, to which we adhere, is that any claimed irregularities pertaining to a preliminary examination and/or preliminary hearing are deemed to be waived where—as here—it appears the defendant in a criminal action, while represented by capable counsel, has entered a volun-

tary plea of guilty in the district court. See, e. g., *Foster v. Hudspeth,* 170 Kan. 338 (Syl. ¶ 3), 224 P. 2d 987 (petition for writ of certiorari dismissed on motion of petitioner), 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503; *State v. Daegele,* supra; *State v. Jordan,* supra; *White v. Crouse,* supra; *Bergin v. State,* supra; *State v. Blacksmith,* supra; *State v. Talbert,* (Syl. ¶ 3), supra; *Portis v. State,* (Syl. ¶ 3) supra; *Zumalt v. State,* supra, and *Blacksmith v. State,* supra.

The order and judgment of the district court is affirmed.