No. 44,243

Jack D. Zumalt, *Appellant,* v. State of Kansas, *Appellee.*

(407 P. 2d 234)

Opinion filed November 6, 1965.

*Dennis O. Smith,* of Hutchinson, argued the cause and was on the briefs for the appellant.

*Lane H. Cronhardt,* Assistant County Attorney, of Hutchinson, argued the cause, and *Richard J. Rome,* County Attorney, and *Raymond F. Berkley,* Assistant County Attorney, of Hutchinson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Fatzer, J.: On November 10, 1964, the appellant, Jack D. Zumalt, filed his motion in the district court of Reno, County, Kansas, pursuant to K. S. A. 60-1507 and Rule No. 121 (194 Kan. xxvii), to vacate and set aside the judgment of that court finding him guilty of first degree robbery in criminal case No. 6163, and sentencing him to confinement in the Kansas State Penitentiary for a term of not exceeding twenty years under the provisions of the Kansas Habitual Criminal Act. (K. S. A. 21-107a.)

It being made to appear from the appellant's motion that he was an indigent person, the district court appointed Dennis O. Smith, a member of the Bar of Reno County, to represent him on the motion then pending. On November 20, 1964, the district court filed a memorandum opinion in which it found from an examination of the motion and from the files and records in the case, that the petitioner was entitled to no relief and the appellant perfected an appeal from that ruling. In accordance with Rule No. 121, *supra,* (*i*) and (*m*), the district court appointed Dennis O. Smith to assist the appellant in perfecting and presenting this appeal.

The only question presented in the appellant's statement of points (Rule No. 6, Record on Appeal to Supreme Court, [*d*], 194 Kan.

p. xxvɪɪ; K. S. A. 60-2701), and briefed by the appellant, is the claim that he was denied due process of law by reason of the fact that he was not represented by counsel at his preliminary examination. (K. S. A. 62-805.)

As stated in his brief, the appellant was arrested and taken before a magistrate of the City Court of Hutchinson, Kansas, on July 9, 1958, and was given a preliminary examination on July 18, 1958, without having counsel appointed to represent him. An Information was filed in the district court of Reno County charging the defendant with first degree robbery. On September 9, 1958, F. Duane Roberts and James H. Rexroad, members of the Reno County Bar, were appointed to represent the appellant. James H. Rexroad is presently judge of the district court of Reno County. Following a plea of not guilty, the appellant was tried by a jury, and on October 16, 1958, was found guilty of the offense of first degree robbery as charged in the Information. On November 1, 1958, the district court overruled the appellant's motion for a new trial and in accordance with the Kansas Habitual Criminal Act, he was sentenced to confinement in the Kansas State Penitentiary.

Questions of law presented in this appeal were concisely stated by the appellant in his statement of points, which are:

"1. That the Appellant was not represented by counsel at a preliminary hearing heard in the City Court of Hutchinson, and that such denial of counsel is a violation of due process of law as guaranteed by the United States Constitution and the laws of Kansas.

"2. That the trial court erred in denying the Appellant's motion for relief under K. S. A. 60-1507."

The only real question involved is whether an indigent defendant who is charged with a felony has a constitutional right to have counsel appointed to represent him at a preliminary examination.

In *State v. Atkins,* 195 Kan. 182, 403 P. 2d 962, the precise question was involved, and in the course of the opinion it was said:

"The question has been before this court many times—particularly within the past year or two—and it uniformly has been answered in the negative. There is nothing about the facts of this case to bring it outside the general rule. No useful purpose would result from discussing the matter further. It has been dealt with in many cases. See *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978 (cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686), *Tarr v. State,* 194 Kan. 798, 402 P. 2d 309, *Portis v. State,* 195 Kan. 313, 403 P. 2d 959, and the many cases cited in those opinions." (l. c. 183.)

See, also, *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788 (cert. den. 373 U. S. 919, 10 L. Ed. 2d 418, 83 S. Ct. 1310; *State v.*

*Young,* 194 Kan. 242, 398 P. 2d 584; *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *Bergin v. State,* 194 Kan. 656, 400 P. 2d 978, wherein many previous decisions are cited and discussed, and *State v. Lewis,* 195 Kan. 389, 405 P. 2d 796.

No showing is made that the appellant requested that counsel be appointed to represent him at his preliminary examination; likewise, no claim is made that at his trial in the district court evidence was introduced with respect to any testimony introduced at the preliminary examination. The record is devoid of any showing that the appellant's rights were in any way prejudiced by the fact that he was not represented by counsel at his preliminary examination.

In view of the foregoing, the appellant's contention is rejected; he was entitled to have counsel represent him at his trial in the district court—not at his preliminary examination. (*Latham v. Crouse,* 320 F. 2d 120, 122 (cert. den. 375 U. S. 959, 11 L. Ed. 2d 317, 84 S. Ct. 449.)

The judgment is affirmed.

FONTRON, J., not participating.