No. 44,505

ROBERT VICTOR COATS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(413 P. 2d 81)

Opinion filed April 9, 1966.

*Thomas D. Herlocker,* of Winfield, argued the cause and was on the briefs for the appellant.

*Mike Smith,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Tom Pringle,* Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment rendered in a proceeding, instituted under the provisions of K. S. A. 60-1507, challenging the validity of prior judgments and sentences in two criminal actions.

The facts essential for a proper understanding of the issues involved will be chronologically summarized.

On May 26, 1961, a complaint was filed against Kenneth Wayne Robins and the appellant, Robert Victor Coats, charging them with

burglary and larceny on the night of May 24, 1961. A preliminary hearing was held for Coats on June 9, 1961, and he was bound over to the district court for trial. Coats had no counsel at the preliminary hearing and he was held in jail because of his inability to make bond. This proceeding was docketed in the district court of Cowley County as case No. 6001.

On September 1, 1961, a complaint was filed against Coats charging him with the willful destruction of Cowley County property. A preliminary hearing was held on this charge on September 13, 1961, and Coats, not represented by counsel, was then bound over to the district court for trial. This case was docketed in the district court of Cowley County as case No. 6005.

Later, and on September 15, 1961, the parties in case 6001 were called before the district court for arraignment. At the request of the state counsel was appointed to represent both of the defendants in case No. 6001. Subsequently Robins and Coats entered pleas of guilty as charged in that case.

Coats was then arraigned in case 6005 on the charge of willful destruction of county property. With the same court-appointed counsel representing him he entered a plea of guilty to that charge. He was then sentenced in case 6001 for a term of not less than five years nor more than ten years on the charge of burglary and for a term of not to exceed five years on the charge of larceny, the sentences to run concurrently. Thereafter he was sentenced in case 6005 for a term of not less than one year nor more than five years, the sentence to run consecutively with the sentences in case 6001.

On March 30, 1965, appellant filed his motion to vacate the judgment and sentences rendered in criminal case 6001 and the judgment and sentence rendered in criminal case 6005, both in the district court of Cowley County. The motion was filed *pro se* and was accompanied by a *forma pauperis* affidavit.

In the foregoing motion appellant contends:

"1. He was unlawfully denied assistance of counsel at his preliminary hearing.

"2. That the state's witnesses committed perjury at the preliminary hearing.

"3. That false promises were made by the County Attorney in order to entice Coats to confess.

"4. Political corruption.

"5. That Coats was not allowed assistance of counsel until his arraignment, and then for only five minutes prior to the time he pled guilty; thus, Coats contends he was denied effective assistance of counsel."

On May 20, 1965, the district court of Cowley County filed its order and judgment finding that the files in cases Nos. 6001 and 6005 conclusively showed that the appellant was entitled to no relief. The district court did not appoint counsel for him and did not grant him a hearing on his motion.

Notice of appeal from the order overruling the motion to vacate the judgments and sentences was filed by appellant on July 14, 1965. At the same time he filed a motion for appointment of legal counsel, a motion for production of records, and a *forma pauperis* affidavit. Thereafter counsel was appointed to represent appellant and on August 9, 1965, the district court entered an order allowing him to proceed *in forma pauperis.*

At the outset it should be stated that in the instant appeal appellant has abandoned all of the contentions raised by him in the motion filed in the court below except (1) failure to have counsel at his preliminary hearings and (2) that he was denied effective counsel at his arraignments. However, he has added two other contentions wherein he complains of the failure of the district court to appoint legal counsel and failure to allow a full hearing in the proceeding under 60-1507, *supra.*

Before any consideration is given to appellant's complaints we should give our attention to a claim, advanced by the state, challenging the right of the appellant to be heard in the present proceeding. In this connection the state asks the following question.

"Was the appellant entitled to consolidate the sentences received in two completely separate and independent criminal actions as a basis for his motion pursuant to K. S. A. 60-1507?"

Under the facts as disclosed by the record we are forced to answer the foregoing question in the affirmative. Both cases involved were before the same district court. The arraignments were on the same day and a plea of guilty was entered in each case. The sentence in case 6005 was to be served consecutively with the sentences imposed in case 6001. The appellant attacked the judgment and sentences in 6001 and the judgment and sentence in 6005 on the same grounds.

Appellant could accomplish nothing by attacking the judgment or sentence in one case if the other remained standing. Rule 121 (c) of this court provides in part:

"(c) WHEN REMEDY MAY BE INVOKED. (1) The provisions of section 60-1507 may be invoked only by one in custody claiming the right to be re-

leased, (2) a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence. . . ."

In *King v. State,* 195 Kan. 736, 408 P. 2d 599, we held:

"A prisoner is not entitled to challenge the validity of a sentence by a motion filed under K. S. A. 60-1507 where, despite an adjudication finding the sentence void, he would still be confined under another sentence." (Syl.)

We do not believe that Rule 121 (*c*) of this court or our decision in the *King* case are to be considered as having application to a situation such as has been heretofore outlined.

Turning now to the appellant's contentions we first find the complaint that the district court failed to appoint legal counsel and failed to allow appellant a full and complete hearing on his motion to vacate the involved judgments and sentences.

Rule 121 of this court, so far as here pertinent, provides:

"(*h*) PRESENCE OF PRISONER. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present.

"(*i*) RIGHT TO COUNSEL. If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person."

It necessarily follows that if there are no substantial issues of fact disclosed by the record a full evidentiary hearing is not necessary and if there are no substantial questions of law or triable issues of fact disclosed by the record the appointment of counsel to assist the movant is not necessary. Whether or not the motion presents substantial issues of fact or questions of law must be determined from an examination of the issues contained in appellant's motion to vacate and brought to this court for review. The appellant frankly admits as much. He states:

"If, after considering the next section of this argument, the court determines that appellant's motion to vacate judgment and sentence did present substantial questions of law or triable issues of fact, then we submit that it was mandatory that the District Court appoint counsel to represent appellant on his motion."

The appellant has now brought to this court, which is all that remains from his original contentions, the claim that he has been denied his constitutional rights for the reason that no attorney was appointed to represent him at the preliminary hearings, and the

claim he was given inadequate opportunity to consult with the attorney appointed to represent him at his arraignments.

It is neither necessary nor required that we give much time or space to appellant's suggestion that counsel should have been appointed to represent him at the preliminary hearings as we have held to the contrary in numerous cases. See, e. g., *State v. Crowe*, 190 Kan. 658, 378 P. 2d 89; *State v. Naillieux*, 192 Kan. 809, 391 P. 2d 140, cert. den. 379 U. S. 864, 13 L. Ed. 2d 67, 85 S. Ct. 131; *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, cert. den., 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *Tarr v. State*, 194 Kan. 798, 402 P. 2d 309; *Powers v. State*, 194 Kan. 820, 402 P. 2d 328; *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den., 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143; *Chance v. State*, 195 Kan. 430, 407 P. 2d 236, cert. den., 382 U. S. 1019, 15 L. Ed. 2d 534, 86 S. Ct. 638; *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486; *Cleveland v. State*, 195 Kan. 544, 407 P. 2d 488; *Shores v. State*, 195 Kan. 705, 408 P. 2d 608; *Fields v. State*, 195 Kan. 718, 408 P. 2d 674.

A preliminary hearing is not a trial. It serves the same purpose as a presentment to a grand jury. Neither serves any purpose but to hold a suspect for a trial by a jury in a district court where all of his constitutional rights are fully protected in this state. Moreover, the well-established rule in this jurisdiction is that irregularities pertaining to a preliminary hearing are waived by a voluntary plea of guilty. (*Plasters v. Hoffman*, 180 Kan. 559, 305 P. 2d 858; *Thomas v. Hand*, 184 Kan. 485, 337 P. 2d 651; *State v. Daegele*, 316, supra; *Portis v. State*, 195 Kan. 313, 403 P. 2d 959.)

We find no merit to appellant's contention that he was denied effective assistance of counsel at his arraignments because he was allowed assistance of counsel for only five minutes before his arraignment.

Appellant's contention that he did not have effective assistance of counsel is positively refuted by the record. In case 6001, at the request of the state, Mr. Robert Bishop, a capable attorney, of Winfield was appointed counsel for both Robins and Coats. After the court informed the defendants of the charges against them the following colloquy took place:

"THE COURT: You are entitled to subpoena witnesses in your behalf if you desire. Do you understand all your rights and privileges?

"MR. ROBINS: Yes, sir.

"MR. COATS: Yes, sir.

"THE COURT: Mr. Coats, do you?

"MR. COATS: Yes, sir.
"THE COURT: And you do, Mr. Robins?
"MR. ROBINS: Yes, sir.
"THE COURT: Mr. Bishop, have you discussed this matter with these gentlemen?
"MR. BISHOP: I have, your Honor."

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"THE COURT: Mr. Coats, in case 6001 are you ready to enter a plea?
"MR. COATS: Yes, sir.
"THE COURT: Very well, how do you plead to the Information in Case 6001 charging you with burglary in the second degree, guilty or not guilty?
"MR. COATS: Guilty.
"THE COURT: And how do you plead to the commission of a larceny in connection therewith, guilty or not guilty?
"MR. COATS: Guilty."

In case 6005 Mr. Bishop was again appointed counsel for Mr. Coats and after the court informed the defendant of the nature of the crime against him the following colloquy took place:

"THE COURT: You are entitled to subpoena witnesses on your behalf if you desire. Have you discussed these matters with your attorney, Mr. Bishop?
"MR. COATS: Yes, sir.
"THE COURT: Are you ready at this time to plead to the Information in Case 6005?
"MR. COATS: Yes, sir.
"THE COURT: Mr. Robert Victor Coats, are you ready to plead to the Information in Case 6005 charging you with felonious, wilful and malicious destruction of property in excess of the value of $50?
"MR. COATS: Yes, sir.
"THE COURT: How do you plead to the Information charging you with felonious, wilful and malicious destruction of property in excess of value of $50.00, guilty, or not guilty?
"MR. COATS: I plead guilty, sir.
"THE COURT: Mr. Coats, do you or your attorney, Mr. Bishop, know of any reason the Court should not now sentence you?
"MR. COATS: No, sir.
"MR. BISHOP: I don't."

A careful examination of the record fails to disclose any substantial justiciable issue of law or fact which would affect the validity of the judgments and sentences in the proceedings before us. The inescapable result is that the trial court was not required to conduct a formal hearing in the presence of the appellant, neither was he required to appoint counsel to assist the appellant. See *State v. Burnett*, 194 Kan. 645, 400 P. 2d 971; *Sanders v. State*, 195 Kan. 701, 408 P. 2d 587; *Fields v. State*, supra; *Webb v. State*, 195 Kan. 728, 408 P. 2d 662.

The judgment is affirmed.