No. 44,103

STATE OF KANSAS, *Appellee*, v. JAMES FRANK BURNETT, *Appellant*.

(400 P. 2d 971)

Opinion filed April 10, 1965.

*L. J. Grant,* of Topeka, argued the cause, and was on the brief for the appellant.

*Robert D. Hecht,* county attorney, of Topeka, argued the cause, and *Robert C. Londerholm,* attorney general, and *Sherman A. Parks,* assistant county attorney, both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On April 4, 1962, James Frank Burnett, the defendant and appellant herein, pleaded guilty to first-degree robbery and was sentenced to the penitentiary until released according to law. An oral motion for parole was heard and refused on the same date. Throughout the proceedings, the defendant was represented by retained counsel, Lorenzo Grant.

No motion for a new trial was filed within the statutory time, nor was notice of appeal filed within the time allowed by law. However, on April 20, 1964, more than two years after sentence, the defendant filed, *per se,* two motions: one for a new trial and the other to vacate the judgment for irregularities. Both motions were heard and overruled by the court on April 27, 1964, at which time the defendant was not present, either in person or by counsel, although the assistant county attorney is shown as having appeared.

The defendant, still acting *pro se,* filed his notice of appeal from the order overruling both motions and also filed a motion for appointment of counsel and asked leave to proceed *in forma pauperis.*

On September 17, 1964, Mr. L. T. Grant, who is the same person as Lorenzo Grant mentioned above, was appointed to represent Burnett and shortly thereafter defendant was granted permission to proceed *in forma pauperis.*

Obviously, the defendant's motion for new trial was grossly out of time and, for that reason, it was not entitled to consideration, as such. However, his motion to vacate judgment was one which the trial court could properly entertain and determine under the provisions of K. S. A. 60-1507, and our consideration of this appeal will proceed on that basis.

We find nothing in the record which, for any reason, would render the sentence imposed against the defendant subject to collateral attack under the foregoing statute. Buttressing this appraisal of the record is the statement of defendant's counsel himself who, on oral argument, acknowledged with admirable candor and honesty that he could point to no defect which would render the sentence invalid.

The entire thrust of the defendant's complaint in this court is directed against the sufficiency of the hearing had on his motions. His contention in this regard is threefold: First, that he was not provided counsel at the hearing; second, that a "plenary" hearing was not held; and third, that no findings of fact or conclusions of law were entered by the trial court.

So far as pertinent to the questions presented in this appeal, K. S. A. 60-1507 (*b*) provides as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. . . ."

On October 16, 1964, this court, in implementation of K. S. A. 60-1507, adopted Rule No. 121, which is found in 194 Kan. p. xxvii. The sections material to this appeal are as follows:

"(*f*) HEARING. Unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief, the court shall notify the county attorney and grant a prompt hearing. 'Prompt' means as soon as reasonably possible considering other urgent business of the court. All proceedings on the motion shall be recorded by the official court reporter.

. . . . . . . . . . . . . . .

"(*h*) PRESENCE OF PRISONER. The prisoner should be produced at the

hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present.

"(*i*) RIGHT TO COUNSEL. If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person.

"(*j*) JUDGMENT. The court shall make findings of fact and conclusions of law on all issues presented."

The plain purport of the statute, 60-1507, *supra,* as supplemented by our procedural Rule No. 121, is that a movant, or prisoner, be afforded a full opportunity to present whatever substantial matters can be advanced which could affect the validity of the sentence. To this end, the trial court is required to set a prompt hearing upon the motion, to appoint counsel if the movant, or prisoner, be indigent, and to see that the prisoner is produced at the hearing. These procedural steps are indispensable in the protection of a movant's right to a fair and adequate hearing on questions of merit and substance.

The solicitude with which society, in the guise of the state, surrounds a prisoner's right to an adequate hearing of substantial grievances does not, however, extend to the protection of trivial, frivolous or insubstantial claims. The corollary of the requirement that a full, or plenary, hearing be accorded a prisoner, when substantial questions are raised, is the court's right to dispense with such a complete hearing and to determine the questions submitted in a more summary fashion whenever "the files and records of the case conclusively show that the movant is entitled to no relief."

In the instant case, we believe the trial court was fully justified in deciding that the files and records conclusively revealed that Burnett was not entitled to relief. Not only does our search of the record fail to disclose any substantial grounds for relief, but the forthright admission of defendant's counsel substantiates the absence of any substantial judiciable issue which goes to the validity of the sentence.

Under such circumstances, the trial judge was not required to conduct a formal plenary hearing, or to appoint counsel, or to have the movant present. We have not overlooked or ignored the oral argument of defendant's counsel that the appearance at the hearing of Mr. Hecht, the assistant county attorney, made mandatory the appointment of counsel for Mr. Burnett. We believe the reasoning behind such an argument is fallacious. Hecht's presence would in

no way affect the record, or its contents, or what those contents revealed.

If the trial court was correct in finding that the record and files in this case conclusively showed that Burnett was entitled to no relief, it matters not whether Mr. Hecht was present or whether he was absent. We have already determined that the trial court's finding on this point is supported by the record, and thus who may, or may not, have been present is of no moment.

The defendant's third point, *i. e.,* that the court failed to find and file facts and conclusions of law is negated by the record. The original journal entry was amended *nunc pro tunc* by including therein the following: ". . . The court finds that the files and records of this case conclusively show that the defendant, Jim Frank Burnett, is entitled to no relief and his motion is denied." This method of correcting the record of a judgment so that it will speak the truth has long been recognized by this court as legitimate and proper. (*Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; *State v. Linderholm,* 90 Kan. 489, 135 Pac. 564; *State v. Igo,* 194 Kan. 550, 400 P. 2d 968).

Although the defendant's motion for a new trial is not properly here for review, we have nonetheless examined its contents and discover nothing therein which vitiates the sentence imposed upon the defendant or which warrants reversal of the trial court's judgment.

The judgment of the court below must be affirmed, and it is so ordered.