No. 43,895

STATE OF KANSAS, *Appellee*, v. OSCAR FLOYD WHARTON, *Appellant*.

(401 P. 2d 906)

Opinion filed May 15, 1965.

*Terry L. Bullock*, of Topeka, argued the cause, and *Robert L. Webb, Ralph W. Oman, Philip E. Buzick, William B. McElhenny, James D. Waugh, James L. Grimes, Jr., Donald J. Horttor*, and *Stewart L. Entz*, of Topeka, were with him on the brief for the appellant.

*R. K. Hollingsworth*, deputy county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, *Charles Henson*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Oscar Floyd Wharton, hereinafter referred to as defendant, was charged by an information in the district court of Sedgwick county with three counts of first degree robbery and one count of possession of a pistol following conviction of a felony. Before defendant was arraigned on these charges he escaped from custody and a second information was filed charging him with escaping custody before conviction in violation of G. S. 1949, 21-736. A warrant was issued on the latter information. The sheriff of Sedgwick county arrested defendant and took him into custody at Little Rock, Arkansas, and returned him to Sedgwick county.

The sheriff returned the warrant on October 6, 1963. On October 7 defendant appeared with his duly appointed counsel, waived arraignment, moved for a preliminary hearing, entered a plea of not guilty, requested a jury trial and moved to quash the information. On October 10 the mentioned cases were consolidated for trial and defendant moved to dismiss the cases for the reasons that his arrest in Arkansas and his subsequent forcible return to the state of Kansas without extradition or waiver thereof were illegal, that the court acquired no jurisdiction over the person of defendant, and that any

further proceedings in the case would be ineffectual and void. This motion was overruled. There is nothing in the record, other than the colloquy between defendant's counsel and the court, to show what took place in Arkansas.

On October 11 the defendant entered a plea of guilty to all counts set forth in the mentioned informations and was sentenced to the state penitentiary. While in confinement, and on the 21st of November, defendant appealed *pro se* to this court. Subsequently, counsel was appointed by the court to represent the defendant in his appeal.

It is defendant's sole contention on appeal that by virtue of the illegal manner in which he was arrested in the state of Arkansas and brought to the jurisdiction of the Sedgwick county court the trial court lacked jurisdiction over the person of the defendant to entertain his pleas of guilty and render a binding sentence.

This court is committed to the well-established rule that the jurisdiction of a district court of this state to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state; and the same rule, of course, applies to the jurisdiction of the district court in such cases to entertain a plea of guilty to the offense charged in the information filed therein. (*Converse v. Hand*, 185 Kan. 112, 113, 340 P. 2d 874; *Carrier v. Hand*, 183 Kan. 350, 351, 327 P. 2d 895; *Stebens v. Hand*, 182 Kan. 304, 306, 320 P. 2d 790; *Foster v. Hudspeth*, 170 Kan. 338, 340, 224 P. 2d 987, cert. dismissed 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503.) (See, also, Anno. 165 A. L. R. 947; 22 C. J. S., Criminal Law, § 146, p. 391.) In *Stebens v. Hand*, supra, this court said:

"There is nothing in the Constitution or laws of the United States which exempts an offender, brought before the courts of a State for an offense against its laws, from trial and punishment, even though brought from another State into the jurisdiction by unlawful violence, or by abuse of legal process. (*Ker v. Illinois*, [1886] 119 U. S. 436, 7 S. Ct. 225, 30 L. Ed. 421; and *Mahon v. Justice*, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283.)" (p. 306.)

The general rule is stated in 14 Am. Jur., Criminal Law, § 217, p. 919:

". . . jurisdiction of the person is not affected by the way it is acquired. It is of no consequence that fraud, deceit, physical force, or any illegal means whatsoever has been employed to bring the person of the defendant within the reach of the court. If the court lawfully acquires jurisdiction of his person after he is within reach of its process, the means used to bring him there will not be inquired into. This rule is frequently applied where the accused has

been arrested by officers in another state and brought into the state where he is charged with crime without the formality of extradition proceedings."

In the case of *Brandt v. Hudspeth*, 162 Kan. 601, 178 P. 2d 224, the defendant was arrested in Missouri by Kansas officials and by force and violence returned to Kansas without compliance with the laws pertaining to extradition of persons charged with crime. We said that even so, it did not follow that the Kansas court in which the criminal proceeding was pending lacked jurisdiction to receive defendant's plea of guilty and impose sentence thereon. We further stated that contrary to defendant's claim the question was not *stare decisis* in this jurisdiction notwithstanding our decision in *State v. Simmons*, 39 Kan. 262, 18 Pac. 177. See the opinion in *State v. Wellman*, 102 Kan. 503, 508, 170 Pac. 1052, where it was said, "The *jurisdiction* of a district court to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state." (See, also, Anno. 165 A. L. R. 947.)

*State v. Simmons*, supra, relied on by defendant, was a proceedings in contempt and foreign to the facts in the instant case. It has no application, and anything said therein which conflicts with the views herein expressed is disapproved.

In the instant case defendant waived arraignment, moved for a preliminary hearing, entered a plea of not guilty, requested a jury trial and subsequently entered a plea of guilty to the offenses charged. In doing so he submitted his person to the jurisdiction of the court—if the court ever lacked such jurisdiction. It is the general rule that where a court has jurisdiction of the subject matter, jurisdiction of the person of accused may be conferred by consent or waiver. (22 C. J. S., Criminal Law, § 147, p. 394, and § 161, p. 418.) Generally, where accused pleads to the merits of the action, he waives all objections with respect to the court's jurisdiction of his person. (22 C. J. S., Criminal Law, § 162, p. 421; 4 Wharton's Criminal Law and Procedure, § 1890, p. 759.)

The judgment of the trial court is affirmed.