No. 44,312

JAMES W. SHORES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(408 P. 2d 608)

Opinion filed December 11, 1965.

*James W. Paddock,* of Lawrence, argued the cause, and was on the brief for the appellant.

*Ralph M. King, Jr.,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Daniel A. Young,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This action was instituted under K. S. A. 60-1507 by the appellant, James W. Shores, hereinafter referred to as petitioner, a prisoner in custody under sentence of the district court of Douglas county, claiming the right to be released upon the grounds the sentence was imposed in violation of his constitutional rights and said court was without jurisdiction to impose such sentence.

The facts for the most part are not seriously disputed. Those required to dispose of this appeal will be related as briefly as the state of the record permits.

On December 12, 1963, petitioner was charged with armed robbery committed on December 9. He was taken before the Douglas county court on a warrant where he was duly advised of the charge and of his rights relative to, and the purpose of, a preliminary hearing. Petitioner at first waived but then requested a preliminary hearing.

At the time of his arrest petitioner was regularly employed. He tried, unsuccessfully, to retain out-of-town counsel to represent

him, and later endeavored to obtain the services of Gerald L. Cooley, a Lawrence attorney, who declined to represent him. In late December petitioner wrote to the county attorney suggesting that if counsel could be appointed immediately, the preliminary hearing could be waived. Despite this letter, a preliminary examination was held on January 14, 1964. The petitioner appeared without counsel. He made no request to the examining magistrate that counsel be appointed. Petitioner was bound over to the district court for the offense of armed robbery.

On January 21 the petitioner requested counsel be appointed by the district court, stating he had accumulated no funds except $100 of vacation pay which he had not yet received. He stated two attorneys had visited him at the jail, but never came back. The court then appointed Mr. Cooley, the same attorney previously mentioned, and the petitioner stated he was satisfied with this appointment.

Sometime after Cooley's appointment the petitioner received his vacation pay of $210 and gave it to a bondsman and another attorney. When he did not hear from them he so advised Cooley, who, by writing to the attorney, secured the return of $150 to the petitioner. The petitioner never told the court he had this money, nor that he wanted other counsel. His only complaint was that Cooley did not come to see him with sufficient frequency. Cooley was urged by the petitioner to contact the county attorney about the possibility of a plea to a lesser offense. This was done, resulting in the plea upon which petitioner now stands convicted. Petitioner was fully advised by Cooley of the penalty for this lesser offense, as well as the offense with which he was originally charged, and that it was unlikely he would be given probation should petitioner enter such a plea.

On February 3 petitioner and his court-appointed counsel appeared before the district court for arraignment, at which time petitioner entered a plea of not guilty to the charge of armed robbery. On motion of petitioner's counsel, a sanity commission was appointed and, according to its report subsequently filed, the petitioner was found able to comprehend his position and make his defense. Then on March 6 petitioner entered a plea of guilty to an amended information charging him with the crime of assault with intent to maim or rob.

On March 16 petitioner was sentenced to the penitentiary. He filed his motion under K. S. A. 60-1507 on December 4, and on

December 11 Mr. James W. Paddock, a member of the Douglas County Bar, was appointed to represent him. The court held a pretrial conference at which respective counsel were present. Issues were determined and the court found ". . . there are substantial issues of fact as to the events in which the Movant participated necessitating a full evidentiary hearing and requiring that the Movant be present at such hearing, . . ."

We pause to commend the trial court in the manner in which it went about determining the necessity for a full evidentiary hearing and the presence of the petitioner. This is a good example of the effective use of the pretrial conference as a procedural tool in 1507 proceedings. By this means the court is also in an excellent position to determine sagaciously the triable issues of fact as well as the questions of law involved. For a discussion of the use of the pretrial conference in 60-1507 proceedings see Foth and Palmer, Post Conviction Motions Under the Kansas Revised Code of Civil Procedure, 12 Kan. L. Rev. 493 (May 1964).

Petitioner contends he was deprived of his constitutional rights under the sixth amendment of the United States Constitution when he was denied the right of counsel at his preliminary hearing, inasmuch as the facts show the hearing constituted a critical stage of the proceedings. Counsel for the petitioner candidly acknowledges the many decisions of this court holding that an accused has no constitutional right to have an examining magistrate furnish him with counsel at his preliminary examination, and that a preliminary hearing in this state, as it is ordinarily conducted, is not a critical stage in the criminal proceeding. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686.) He contends, however, that under the decisions of the United States Supreme Court cited in *State v. Richardson,* supra, the accused's right to counsel arises when the proceedings reach a critical stage, and a critical stage is that point when there is at least a reasonable possibility of prejudice to the accused later in his trial. As a practical matter, counsel is asking us to reappraise our holding in the *Richardson* case in light of the facts of the instant case.

We have no difficulty in upholding the trial court's finding that petitioner was not deprived of his constitutional rights by failure to have counsel at his preliminary hearing. Petitioner's letter to the county attorney, which suggested that if an attorney would be

appointed "right away" the preliminary hearing could be waived, cannot reasonably be construed as a request for counsel. Absent in the record is any request by the petitioner to the examining magistrate, either at or prior to the preliminary hearing, for appointment of an attorney. While it is true a defendant has the right to be assisted by counsel at a preliminary examination, we have held many times that there is no statutory or constitutional requirement that counsel be appointed. (See *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, cert. den. 380 U. S. 982, 14 L. Ed. 2d 276, 85 S. Ct. 1350; *State v. Young*, 194 Kan. 242, 398 P. 2d 584.)

The facts herein clearly show no proceedings transpired at the preliminary examination which could prejudice the petitioner had he stood trial in the district court. True, he did not cross-examine the state's witnesses, and he made a sworn statement in the nature of argument after the state's case in which he said the state's witnesses could not be believed and that there could be no probable cause to bind him over, for the reason he was in Topeka when the crime had been committed. The state, however, did not attempt to cross-examine the petitioner, and no record was made of any of the proceedings at the preliminary hearing. There is not the slightest indication the petitioner made any incriminating statements during the proceedings that could have been used against him later at the trial. In fact, the record is barren of any showing that petitioner's rights were prejudiced by lack of counsel at his preliminary examination.

Under facts similar to the instant case, in that a preliminary examination was held without counsel being appointed for the defendant, this court, in *Cleveland v. State*, 195 Kan. 544, 407 P. 2d 488, said:

"Under the often stated and clearly defined purpose of a preliminary examination in this jurisdiction, an indigent accused does not have a constitutional right to have counsel appointed by the examining magistrate and the same rule applies regardless of whether or not preliminary examination is waived by the accused." (Syl. ¶ 1.)

Also, see *Bergin v. State*, 194 Kan. 656, 400 P. 2d 978, and *Portis v. State*, 195 Kan. 313, 403 P. 2d 959, and numerous cases therein cited.

Although in *State v. Richardson*, supra, the defendant waived preliminary hearing without counsel, what was said by this court in analyzing the same federal decisions to which counsel in the instant case alludes is singularly applicable:

"The foregoing federal decisions indicate a sharp contrast with the facts in the instant case where at the preliminary hearing no defenses were lost, no plea was taken, and no incriminating statements were made in the absence of counsel.

"It is herefore held under both the state and the federal law the lower court erred in holding the appointment of counsel was necessary at the preliminary hearing. It is not a critical stage of the criminal proceeding under Kansas law." (p. 486.)

Petitioner further contends our rule that a voluntary plea of guilty by a defendant with counsel waives any irregularity pertaining to a preliminary examination (*State v. Daegele*, supra; *Portis v. State*, supra) is inapplicable in (1) that a plea of guilty to an information is an admission of only nonjurisdictional facts, (2) that a preliminary examination is jurisdictional, and if an accused's constitutional rights have been violated therein, the examination is void, and (3) that the district court in the instant case had no jurisdiction to arraign the petitioner on the amended information. Petitioner's contention is patently untenable, inasmuch as we have already determined herein that his constitutional rights were not violated by the absence of counsel at his preliminary hearing.

Petitioner's remaining contention is that Cooley did not adequately represent him in that he refused to seek out witnesses, the names of whom petitioner had given him. Both the petitioner and Cooley testified at the hearing on petitioner's motion. Their testimony on this particular matter was sharply conflicting. There was ample evidence, however, to support the trial court's finding that the petitioner did not give Cooley a list of witnesses, nor did he name anyone who might be a witness except he ". . . did mention a filling station attendant and drug store clerk, neither by name. . . ."

The burden rests upon the petitioner to show his attorney was so incompetent and inadequate in representing him that the total effect was that of a complete absence of counsel. The burden is never sustained by the petitioner's unsupported and uncorroborated statements. (*State v. Richardson*, supra; *Huston v. State*, 195 Kan. 140, 403 P. 2d 122. See, also, Rule No. 121 (g) of the Supreme Court, 194 Kan. xxviii.)

The record establishes Cooley faithfully and diligently performed his duties and counseled at length with the petitioner. Out of an abundance of caution Cooley asked the court to have the peti-

tioner examined by a sanity commission. As indicative of further efforts by Cooley, the petitioner was able eventually to plead guilty to a lesser offense.

In *Call v. State*, 195 Kan. 688, 408, P. 2d 668, we said:

"The adequacy of services rendered a client by his attorney must be gauged by the totality of his representation, not by analyzing fragmentary segments thereof in isolation." (Syl. ¶ 4.)

As pertinent to this point also see *State v. Calhoun*, 194 Kan. 378, 399 P. 2d 886.

This is but another instance of a convicted felon who has received the legal benefit of able and competent counsel, as disclosed by the record, who now, as mere afterthought, baldly asserts, without any basis whatsoever, that his counsel was incompetent and inadequate.

Having examined each of the petitioner's contentions and finding them without merit, we have no difficulty in upholding the trial court's action in denying petitioner's motion to vacate and set aside the judgment and sentence.

The judgment is affirmed.