No. 44,303

DONALD SANDERS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(408 P. 2d 587)

Opinion filed December 11, 1965.

*Richard D. Coffelt,* of Hays, argued the cause and was on the brief for the appellant.

*Don C. Staab,* County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, and *Steven P. Flood,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order and judgment of the district court of Ellis county denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of that court in a criminal action.

Examination of the record discloses that the facts pertinent to a consideration of this appeal are clearly stated by the district court in its findings and judgment which are quoted as follows:

'"On March 17, 1965, the court examined the motion of movant filed February 23, 1965, challenging the validity of the judgment and sentences in the case in this court No. 13,398, entitled State of Kansas v. Donald Sanders and the court also examined the record in case No. 13,398, and the court finds

that records in this case, No. 13,773, and in case No. 13,398 conclusively show that the movant is entitled to no relief; that it is not necessary to appoint counsel for movant; that there are no substantial issues of law; that there are no triable issues of fact; that the presence of defendant is unnecessary.

"The records in case No. 13,398 show that before arraignment on May 20, 1963, the defendant was represented by court appointed counsel who had full opportunity and did fully confer with the defendant; that the defendant upon arraignment and on advice of his attorney entered pleas of guilty to the offenses charged in counts 1, 2 and 3 of the information; that the defendant was sentenced on each count as provided by law, the sentences to run concurrently; that after the sentences were entered the defendant by his attorney made oral application for probation; that thereupon the court ordered the defendant placed on probation for five years under the supervision of the state parole officer; that on December 10, 1963, the defendant was brought before the court under a bench warrant and an order that the defendant show cause why his probation should not be revoked and at the hearing on said date, the defendant was duly represented by an attorney and after pleas for further probation on the defendant's behalf, the court ordered that the defendant be given further opportunity and that his probation not be revoked; that on May 28, 1964, the defendant was again before the court for hearing of an order that he show cause why his probation should not be revoked at which time the defendant was represented by an attorney; that after evidence was introduced, the court found that the defendant had violated the terms of probation and that his probation should be revoked; that the court, on May 28, 1962, ordered revocation and ordered that the sentences entered on May 20, 1963, be carried out.

"The court finds that the defendant was represented by an attorney on every occasion; that the defendant did not appeal; that the defendant affirmatively waived appeal by applying for probation; that the defendant was free on probation throughout the time allowed for appeal and longer; that the movant's other contention that he was denied jury trial is also without merit because he entered pleas of guilty and there was no occasion for a trial,

"The court makes all the foregoing findings a part of the court's judgment and the court enters judgment denying the motion of the movant. The movant has 60 days, as provided by law, from the filing of this order, in which to perfect an appeal to the Kansas Supreme Court if the movant desires to appeal. . . ."

The only point briefed and argued by appellant is that the district court erred in not granting a full evidentiary hearing with petitioner's presence.

In support of his position the appellant argues that he raised substantial issues of fact in his petition by asserting that he was not advised of his right to appeal and was not aware of his right to trial by jury and further that such amounts to a showing that petitioner was not effectively represented by his court appointed counsel at his waiver of arraignment and plea.

Subsections (*f*), (*h*) and (*i*) of Rule No. 121 of this court, adopted October 16, 1964, pertain to the procedural aspects of a motion to vacate sentence under K. S. A. 60-1507 and provide, in substance, that the district court shall hold a prompt hearing on such motions unless the motion, files and records of the case conclusively show that the movant is entitled to no relief. It is further provided that the presence of the prisoner is required at the hearing if there are substantial issues of fact as to events in which he participated and further that the prisoner is entitled to appointed counsel if the motion presents substantial questions of law or triable issues of fact.

Rule No. 121 and subsections referred to reflect in substance the rule regarding the presence of the prisoner as stated by the United States Supreme Court in *United States v. Hayman,* 342, U. S. 205, 96 L. Ed. 232, 72 S. Ct. 263 under 28 U. S. C., § 2255 of the federal code.

The findings and judgment of the district court in this case reflect that after a careful review of the motion, files and records the court concluded that there were no substantial issues of law or triable issues of fact; that the presence of the prisoner was unnecessary and that it was not necessary to appoint counsel for movant.

The record conclusively shows that appellant, with the assistance of court appointed counsel, entered a plea of guilty to the charges for which he is presently incarcerated and thereafter he applied for and was placed on probation for a period of five years. Such a course of action indicates that appellant recognized the validity of the judgment and sentence and acquiesced therein, precluding appellate review of such judgment and sentence. *State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. denied 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640; *State v. Irish,* 193 Kan. 533, 393 P. 2d 1015. In *State v. Robertson,* 193 Kan. 668, 396 P. 2d 323, it was held that the rule applies regardless of whether appellant was specifically advised of his right to appeal or not. The sound basis of the underlying theory of the rule and the application thereof is stated at page 671 of the opinion as follows:

". . . He is precluded from appealing, not because he expressly and understandingly waived such right, but because he expressly and understandingly took action which, in and of itself, was inconsistent with an intention to appeal. Since his request for parole, and the consequent acquiescence in the judgment and its validity, was intentionally made, the fact that the

appellant may not have understood that he would be bound by the reasonable and logical implications of his action, thereby foreclosing an appeal, is immaterial."

Since appellant acquiesced in and recognized the validity of the judgment by seeking and securing probation, he can not now challenge the validity of that judgment in a collateral proceeding under K. S. A. 60-1507. To hold otherwise would be to say that appellant can now accomplish a result in a collateral proceeding that he could not have attained by direct appeal.

It must be said that the court below properly concluded that appellant was not now in a position to attack the validity of his sentence and judgment and the order of the court may be sustained on this ground alone.

We have, however, made a careful search of the record and fail to find any substantial justiciable issue of law or fact which goes to the validity of the sentence in this case. Under such circumstances the trial judge was not required to conduct a formal plenary hearing or to appoint counsel or have the movant present. (*State v. Burnett*, 194 Kan. 645, 400 P. 2d 971.)

Even though not briefed or argued we have considered other points stated by appellant and find no merit therein.

The judgment is affirmed.