No. 44,322

JOHN L. FIELDS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(408 P. 2d 674)

Opinion filed December 11, 1965.

*Richard O. Skoog,* of Ottawa, argued the cause, and *John B. Pierson,* of Ottawa, was with him on the briefs for appellant.

*Richard H. Seaton,* Assistant Attorney General, of Topeka, argued the cause and *Robert C. Londerholm,* Attorney General, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The petitioner is presently confined in the Kansas State Penitentiary for a term of one to five years pursuant to a plea of guilty to an attempted felonious assault imposed by the district court of Franklin County, on February 13, 1964. On February 17, 1965, the petitioner filed a petition pursuant to K. S. A. 60-1507, to vacate and set aside that sentence, which was denied by the district court without a hearing on the ground that the petition, files and records of the case conclusively showed the petitioner was entitled to no relief. The petitioner appealed, and Mr. Ralph A. Skoog, a member of the Franklin County Bar, was appointed to assist him in the preparation and presentation of his appeal in this court.

The petitioner was arrested on a warrant charging him with breaking jail and committing a felonious assault. A preliminary examination was had and at the conclusion of the state's evidence, the petitioner was bound over to the district court to stand trial on both charges. An information was subsequently filed in the

district court charging him with one count of jailbreak and one count of felonious assault.

On February 5, 1964, Myron S. Steere, a member of the Franklin County Bar, was appointed to represent the petitioner in the district court. On February 13, 1964, the petitioner appeared with his attorney, Mr. Steere. The state dismissed the first count of the information charging jailbreak, and the petitioner entered a plea of guilty to the amended information charging him with one count of attempted felonious assault. The petitioner was sentenced to confinement in the Kansas State Penitentiary for the term heretofore indicated.

The petition alleged numerous grounds as to why the sentence should be vacated and set aside. The district court, after carefully considering each of the claimed violations of the petitioner's rights, found that the petitioner was entitled to no relief and the petition was summarily denied without requiring the production of the petitioner.

In this appeal, the petitioner claims error on the part of the district court in failing to set aside the sentence because of each of the grounds alleged and, in addition, in failing to hold an evidentiary hearing in the presence of the petitioner. Whether the district court erred in not granting a plenary hearing without petitioner's presence depends on the nature and veracity of the grounds alleged.

The petitioner first complains that he did not have counsel at his preliminary examination. This court has repeatedly held that an indigent defendant has no constitutional right to have an examining magistrate furnish him with counsel at his preliminary examination. Cases on this point are becoming too numerous for exhaustive citation, but see the well-annotated opinion of *Tarr v. State*, 194 Kan. 798, 402 P. 2d 309, and for later cases see *Huston v. State*, 195 Kan. 140, 403 P. 2d 122; *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810; *State v. Atkins*, 195 Kan. 182, 403 P. 2d 262, and *Portis v. State*, 195 Kan. 313, 403 P. 2d 959.

The petitioner next complains of delay in his arraignment. He was arrested on December 31, 1963, and brought before a magistrate January 2, 1964, some 36 hours later. It will be noted that the day following the arrest was January 1st, a legal holiday. Also, under the well-established rule in this jurisdiction, any claimed irregularities preceding or pertaining to a preliminary examination are deemed to have been waived where a defendant, represented

by counsel, enters a voluntary plea of guilty in the district court. (*State v. Wharton,* 194 Kan. 694, 401 P. 2d 906; *Portis v. State,* supra.)

The petitioner states that in direct contravention of K. S. A. 62-611, he was not granted a preliminary examination within 10 days following his arrest. The district court found:

"This contention is negated by the fact that the Preliminary Hearing was held on January 7, 1964, *only 7 days after his* (defendant's) *arrest."* Emphasis supplied.)

The contention is without merit.

The petitioner alleged in the district court that mental coercion took place in that his attorney stated the county attorney would press for a higher penalty if he continued to fight the case. He here contends that his plea of guilty was not freely and voluntarily made by reason of the fact that the county attorney used undue coercion by threatening to invoke the Habitual Criminal Act. (K. S. A. 21-107a.) After the petitioner entered his plea of guilty, the following colloquy occurred:

"THE COURT: And this, Mr. Fields, is what you wish to do is enter a plea of guilty?

"MR. FIELDS: Yes, sir.

"THE COURT: Of attempting to commit felonious assault?

"MR. FIELDS: Yes, sir.

"THE COURT: An attempt to commit felonious assault, as your attorney has stated?

"MR. FIELDS: Yes, sir.

"THE COURT: You understand that that is a felony?

"MR. FIELDS: Yes, sir.

The district court concluded:

"The fact that the movent considered the alternatives, including the possibility of a sentence under 21-107a if movent's prior record of convictions would justify the same, and entered a plea of guilty after advising with counsel, would not vitiate his plea of guilty and the resulting judgment of guilty to a lesser included offense of one of two counts originally charged."

The conclusion is correct. In passing, we observe that had petitioner's attorney failed to advise him of a possibility of sentence under the Habitual Criminal Act, the petitioner would have added such failure as an additional ground in his petition.

The petitioner further alleged that his lawyer was incompetent and failed to advise him of the mandatory requirements of G. S. 1961 Supp., 62-1304 (K. S. A. 62-1304), and did nothing in his defense. The conclusion of the district court disposes of the contention; it found:

"In (f) movent contends his lawyer was incompetent and failed to advise him of the mandatory requirements of K. S. A. 62-1304. Under question 11 (f) of his motion he states the evidence on which he intends to rely to prove this contention is 'G. S. 62-1304, 1961, Kansas, Supplement.' Suppose movent relies also on his own statements. Rule 121 provides as follows:

"(g) Burden of Proof. The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof.

"The attorney appointed for defendant in accordance with K. S. A. 62-1304 has been practicing law in this district for over twenty years. He served as County Attorney from 1947 to 1951 and was again elected to that office in the last election and since January 11, 1965, has again been serving the people of Franklin County and the State of Kansas in that capacity. Such experience would indicate ample qualifications. Furthermore, the constitution does not guarantee the most brilliant counsel. *State v. Woods,* 179 Kan. 601, 603."

Nothing more need be added in answer to this contention, however, we note that the petitioner was originally charged with one count of jailbreak and a second count of felonious assault. Following the appointment of counsel, the district court deferred arraignment of the petitioner some eight days, until February 13, 1964. We assume that as a result of Mr. Steere's representation of the petitioner, he conferred with the then county attorney and was instrumental in securing the dismissal of the count of jailbreak charged in the information and obtained the prosecutor's permission for the petitioner to enter a plea of guilty to the lesser included offense of attempted felonious assault. Moreover, the petitioner was not sentenced under the Kansas Habitual Criminal Act. There is absolutely nothing to sustain the charge of inadequate representation of counsel.

The petitioner lastly contends that the co-defendants confessed to their part of the alleged crime without advice of counsel and that those wrongfully obtained confessions were used to coerce him to plead guilty. On this issue, the district court concluded:

"The movent contends that statements were elicited from all co-defendants without the benefit of counsel and were later used as a mental coercion to convict him and further introduced as evidence against him, contrary to *Escobedo vs. Illinois,* 375 US 902. (No trial was necessary. The movent entered a plea of guilty to a lesser included offense. The testimony of two co-defendants was used in the Preliminary Hearing.)"

The petitioner cannot complain of statements which were not used as evidence against him in the district court. See, *Call v. State,* 195 Kan. 688, 408 P. 2d 668.

After a careful examination of the record we are compelled to conclude the allegations of the petition and the files and records of the original prosecution conclusively show that the petitioner is not entitled to any relief. Therefore, the district court properly overruled the petition without an evidentiary hearing in the presence of the petitioner. In *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971, this court held:

"Where a proceeding is brought under the provisions of K. S. A. 60-1507 and the files and records of the case conclusively show that the prisoner, or movant, is not entitled to relief, it is not required that a formal plenary hearing be had, or that counsel be appointed for the movant, or that the prisoner be produced for a hearing." (Syl. ¶ 1.)

The judgment is affirmed.