No. 44,448

Duane A. Smith, *Appellant*, v. State of Kansas, *Appellee.*

(411 P. 2d 663)

Opinion filed March 5, 1966.

*Theodore M. Metz*, of Lincoln, argued the cause and was on the briefs for the appellant.

*Richard W. Wahl*, Special County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment of the district court of Lincoln County denying appellant's motion under K. S. A. 60-1507 to vacate and set aside a prior judgment and sentence of that court in a criminal action.

There is no dispute between the parties as to the facts controlling the questions raised by the appeal. They appear from an agreed statement of facts, signed by counsel and approved by the trial court. Such statement reads:

"In accordance with Rule Six (p) of the Rules of the Kansas Supreme Court, the following agreed statement of fact is submitted in lieu of a formal abstract in connection with the forthcoming appeal of this matter to the Supreme Court of Kansas by Duane A. Smith:

"1. The appellant herein was the defendant in an action entitled The State of Kansas vs. Duane A. Smith, Case No. 290 in the District Court of Lincoln County, Kansas, wherein the appellant was charged by the State of Kansas with burglary in the second degree and with grand larceny.

"2. The Complaint was filed in the County Court of Lincoln County, Kansas, on May 1, 1964.

"3. The offenses for which appellant was sentenced were committed on April 30, 1964, and he was arrested in the State of Nebraska on May 1, 1964, waived extradition and was returned to Lincoln County, Kansas, on May 2, 1964. The appellant now claims that said extradition was unlawful but the records do not disclose that this claim was made at either his preliminary hearing or at any appearances before the District Court.

"4. The appellant appeared before the County Court of Lincoln County, Kansas, on the 13th day of May, 1964. He appeared without counsel and waived preliminary hearing whereupon he was bound over to the next term of the District Court. Upon failure to post bond for his appearance at the District Court, appellant was committed to the Lincoln County Jail to await trial.

"5. On May 14, 1964, an Information was filed in the District Court of Lincoln County, Kansas by the county attorney charging appellant in two counts, namely, burglary in the second degree and grand larceny.

"6. On May 18, 1964, the appellant appeared before the District Court of Lincoln County, Kansas, without counsel, and the Court appointed G. L. Rohrer, a member of the Lincoln County Bar, to represent and defend the appellant in that case.

"7. After appointment of counsel, the Court granted a recess to allow appellant time to confer with his counsel, and after said recess the appellant announced himself ready for arraignment.

"8. After consultation with counsel, the appellant waived formal arraignment and entered his plea of guilty to both counts of the Information, and the Court accepted his plea and passed sentence upon appellant, all on the 18th day of May, 1964. Appellant was sentenced to be confined in the Kansas State Penitentiary at Lansing, Kansas, for a period of not less than five nor more than

ten years on Count One of the Information, and for a period of not less than one nor more than five years on Count Two, said sentences to run concurrently.

"9. While in the custody of the Sheriff of Lincoln County, Kansas, the appellant, without advice of counsel, made a voluntary statement in writing admitting his participation in the offenses committed in Lincoln County, Kansas, but said statement was never used against him either on preliminary hearing or in the District Court, and the trial court was never apprised of said statement.

"10. On February 5, 1965, appellant filed a motion in the District Court of Lincoln County, Kansas, under the provisions of K. S. A. 60-1507 to vacate the judgment and sentence entered on May 18, 1964, in Criminal Case No. 290, on the grounds [1] *that he did not have counsel at his arraignment nor prior thereto;* [2] *that his confession was taken between arrest and arraignment without advice of counsel and* [3] *that he did not have counsel at the preliminary stage of the proceedings against him.*

"11. On March 3, 1965, the District Court appointed Theodore M. Metz, a member of the Lincoln County Bar, to represent appellant on his motion.

"12. On June 9, 1965, the District Court entered an order finding that it was not necessary to produce appellant in person from the Kansas State Penitentiary for the hearing on his motion; that no rights of the appellant under the Constitution of the United States or the Constitution of the State of Kansas were denied or infringed; that the records of Criminal Case No. 290, showed conclusively that the appellant was not entitled to the relief asked for, and the application of the appellant was thereupon summarily denied.

"13. The appellant does not appeal from the order and judgment of the District Court entered on June 9, 1965.

"14. Copies of appellant's motion to vacate judgment, order of court denying said motion, the notice of appeal, appellant's motion for waiver of Rule 3 and for filing of a typewritten abstract and brief, and the Court's order allowing same, are attached hereto and made a part hereof. Also attached is Court Reporter's transcript of proceedings." (Emphasis and [1], [2] and [3] supplied.)

In addition to what has just been quoted, and fully cognizant of the fact it involves some repetition, we deem it necessary to supplement the foregoing agreed statement of the parties by quoting the trial court's journal entry of judgment in order to insure a full and complete understanding of what that tribunal had before it in denying appellant's motion, which had been docketed in the district court of Lincoln County as Case No. 5476. Such journal entry reads:

"Now on this 9th day of June, 1965, the same being one of the regular days of the May, 1965 term of this court, comes on for hearing the application of the plaintiff to vacate the judgment and sentence entered by this Court on May 18, 1964, in Criminal Case No. 290, The State of Kansas v. Duane A. Smith, The plaintiff appears by his duty appointed attorney, Theodore M. Metz and the State appears by the special county attorney, Richard W. Wahl.

"Thereupon, the Court examines the transcript and files of said case and finds that the Court heretofore appointed Theodore M. Metz, a member of the Lincoln County Bar, as attorney to represent the plaintiff in the presentation of this application; that said attorney has acted in the interests of the plaintiff, and that it is not necessary to produce the plaintiff in person from the Kansas State Penitentiary for this hearing.

"The Court further finds that the judgment and sentence of the Court entered in said Criminal Case No. 290 on May 18, 1964, was regular and in conformity with Kansas law; that the plaintiff was duly and fully advised of his rights of appeal to the Kansas Supreme Court from said judgment and sentence; that no rights of the plaintiff under the constitution of the United States or the constitution of the State of Kansas have been denied or infringed and that no constitutional right of the plaintiff was violated by failure to appoint counsel at his preliminary hearing in that plaintiff waived preliminary hearing, and no rights of the plaintiff were lost, and that the plaintiff, having entered a voluntary plea of guilty to the Information filed in this court, waived any irregularity that may have existed in his preliminary hearing.

"The Court further finds that the files and records in said case show conclusively that the plaintiff is not entitled to the relief asked for or to any other relief that has not been granted and that the application of the plaintiff should be summarily denied.

"IT IS THEREFORE BY THE COURT ORDERED that the application of the plaintiff, Duane A. Smith, for the vacation of his sentence be and it is hereby denied.

"Thereupon, counsel for the plaintiff, on behalf of the plaintiff, takes exception to all the findings, conclusions and orders of the Court."

In connection with the heretofore quoted agreed factual statement it should be noted it is clear from the records, referred to in paragraph 14 thereof, that appellant made no attempt to appeal from the May 18, 1964, judgment and sentence rendered against him in Case No. 290 on his plea of guilty to the charges of burglary in the second degree and grand larceny. In addition it should be pointed out the same records make it equally clear that, in his motion instituting the involved proceeding pursuant to 60-1507, *supra*, the only complaints made by appellant as affording grounds for relief in such proceeding are the three points set forth and emphasized in paragraph 10 of the foregoing factual statement and a fourth point, not set forth in the agreed statement but nevertheless included in the motion, to the effect appellant was not advised by the trial court of his rights to appeal under Rule 56 of this court.

The claims on which appellant relies as grounds for the sustaining of his 60-1507 motion to vacate the judgment will be first discussed and considered in the order in which they are set forth in such motion.

Appellant's first claim, as we understand it, is that he did not have counsel at his arraignment in case No. 290 in the district court. The record in that case, as well as paragraphs 6, 7 and 8 of the agreed statement, make it crystal clear that appellant was represented by capable court-appointed counsel prior to his arraignment in such action and that all contentions made by him to the contrary are spurious. It follows this claim is devoid of merit and cannot be upheld.

The second claim is that a statement admitting participation in the crime in question was obtained from appellant between arrest without advice of counsel in violation of his constitutional rights. There are several reasons why this claim cannot be sustained. In the first place, whatever the statement may have been which was obtained from appellant—and we are not informed of its contents —it was not offered or used against him in the case. Moreover, appellant entered a plea of guilty and did not stand trial. Consequently, whether the statement would or would not have been admissible in evidence, had it been offered in evidence at a trial, is entirely irrelevant. (See *Call v. State,* 195 Kan. 688, 690, 408 P. 2d 668.) A further reason for the conclusion, heretofore indicated, lies in the fact the parties have stipulated that the statement in question was voluntarily made; that it was never used against appellant either on a preliminary hearing or in the district court, and that the trial court was never apprised of its existence.

Appellant's third claim is that he was deprived of his constitutional rights by reason of the fact that he was not represented by court-appointed counsel at his preliminary examination and/or preliminary hearing before a magistrate. We do not agree. It is to be noted this claim is made (a) in a jurisdiction where the purpose of a preliminary examination before a magistrate for one charged with a felony is to determine whether an offense has been committed and whether there is probable cause for charging the defendant with the commission thereof; where such proceeding is not a trial in the sense that one may be found "guilty"; and where the defendant is bound over for trial only where the state establishes that an offense has been committed and there is probable cause for charging him with its commission—otherwise he is to be discharged. (K. S. A. 62-618.) (See *Portis v. State,* 195 Kan. 313, 403 P. 2d 959.); (b) in a case where the record is devoid of any showing that appellant's rights were in any way prejudiced by the

fact that he was not represented by counsel at his preliminary examination and/or preliminary hearing; and (c) in the face of a long and unbroken line of decisions fully demonstrating that under the existing law of this state an accused has no constitutional right to be furnished court-appointed counsel at his preliminary examination and/or preliminary hearing.

Nothing would be gained by citing the numerous decisions, to which we adhere, supporting the conclusions hereinabove indicated. It suffices to say they are well-annotated and can be found at page 434 of our recent decision in *Chance v. State*, 195 Kan. 430, 407 P. 2d 236, cert. den. 382 U. S. 1019, 15 L. Ed. 2d 534, 86 S. Ct. 638, where it is held:

"Under the facts, conditions and circumstances set forth at length in the opinion, and following the numerous decisions therein cited and discussed it is *held* that an indigent defendant does not have a constitutional right to have an examining magistrate furnish him with counsel for his preliminary hearing.

"The well-established rule of this jurisdiction is that any claimed irregularities pertaining to a preliminary examination are deemed to be waived where a defendant enters a voluntary plea of guilty in the district court." (Syl. ¶¶ 1, 2.)

For our more recent decisions, adhering to the rule in the *Chance* case and other decisions therein cited, see *Shores v. State*, 195 Kan. 705, 408 P. 2d 608; *Fields v. State*, 195 Kan. 718, 408 P. 2d 674; *Hanes v. State*, 196 Kan. 404, 411 P. 2d 643; *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652; *Tate v. State*, 196 Kan. 435, 411 P. 2d 661.

The fourth and final claim asserted by appellant, as one of the grounds for sustaining his motion to vacate the judgment and sentence in case 290, is so fallacious as to require little, if any, attention. All that need be said with respect to this claim is that the transcript of record in case 290 expressly recites that after imposition of sentence in that case appellant was fully advised by the trial court that it was its duty to inform appellant that he had a right to appeal to the Supreme Court of the State of Kansas and that if he were indigent and did not have the necessary funds with which to procure a transcript the court would provide him with such transcript and would also appoint counsel to represent him in such appeal. In passing it is to be noted the journal entry of judgment in case 290, which was approved by the appellant's court-appointed counsel, contains recitals of like import. Under such circumstances it cannot be successfully argued that appellant was not advised of his right to appeal in that case.

Appellant devotes much time and space in his brief to a claim that his extradition from Nebraska to Kansas, at a time when he was not represented by counsel, resulted in a violation of his constitutional rights which requires the sustaining of his motion to vacate the involved judgment and sentence. Notwithstanding the agreed statement indicates the foregoing claim was not presented to the trial court and for that reason would not be here subject to review (See *Call v. State*, 195 Kan. 688 [Syl. ¶ 4] 694, 408 P. 2d 668), there is some doubt regarding its status, hence we are not averse to giving it consideration.

This court has long been committed to the well-established rule that the jurisdiction of a court to try a person accused of crime, or accept his plea of guilty, is not divested by the fact that his arrest was irregular or unlawful. Stated in different fashion the jurisdiction of a district court to try a person for a criminal offense does not depend upon how he came to be in this state. See *Call v. State*, supra; *State v. Wharton*, 194 Kan. 694, 401 P. 2d 906; *State v. Cook*, 194 Kan. 495, 399 P. 2d 835; *Carrier v. Hand*, 183 Kan. 350, 351, 327 P. 2d 895; *Stebens v. Hand*, 182 Kan. 304, 320 P. 2d 790; *Foster v. Hudspeth*, 170 Kan. 338, 224 P. 2d 987, (petition for writ of certiorari dismissed on motion of petitioner), 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503.

See, also, ·*Hanes v. State*, 196 Kan. 404, 411 P. 2d 643, which reads:

"The federal courts, in considering the federal counterpart (28 U. S. C. § 2255) of our 60-1507 statute, have held that illegal arrest is not a ground for vacating a sentence. In *Roddy v. United States*, 296 F. 2d 9 (10th Cir.), it was stated:

" 'Assuming that the failure to take the appellant before the United States Commissioner constituted an illegal arrest, an illegal arrest does not void a conviction, nor is it grounds for a collateral attack upon a judgment of conviction.' (p. 10.)

"For statements and decisions of like import see *Kristiansand v. United States*, 319 F. 2d 416 (5th Cir.); *United States v. Koptik*, 300 F. 2d 19 (7th Cir.), cert. den. 370 U. S. 957, 8 L. Ed. 2d 823 82 S. Ct. 1609; *Plummer v. United States*, C. A. D. C., 260 F. 2d 729." (p. 407.)

In the face of the agreed statement of facts, and what has been heretofore stated and held, we have no difficulty whatsoever in concluding this is a case wherein the trial court's findings of fact and conclusions of law, as set forth in the quoted journal entry of judgment, including its finding "that it is not necessary to produce

the plaintiff in person from the Kansas State Penitentiary for hearing," are completely sustained by the record presented and fully warrant that tribunal's action in denying appellant's motion to vacate the involved judgment. For decisions supporting the trial court's conclusion that, under the existing facts and circumstances, appellant was not entitled to be present at his evidentiary hearing in the involved proceeding see *Groene v. State,* 195 Kan. 740, 743, 408 P. 2d 580; *Webb v. State,* 195 Kan. 728, 408 P. 2d 662; *Fields v. State,* 195 Kan. 718, 722, 408 P. 2d 674; *Sanders v. State,* 195 Kan. 701, 703, 408 P. 2d 587; *Call v. State,* 195 Kan. 688, 693, 408 P. 2d 668, and *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971.

The order and judgment of the district court is affirmed.