No. 44,599

William Delos Chappell, Jr., *Appellant*, v. The State of Kansas,
*Appellee*.

(416 P. 2d 786)

Opinion filed July 14, 1966.

*Edward J. Taylor, Jr.*, of Wichita, argued the cause and was on the brief
for appellant.

*S. A. Issinghoff*, deputy county attorney, argued the cause, and *Robert C.
Londerholm*, attorney general, *Keith Sanborn*, county attorney, and *A. J. Focht*,
deputy county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: This appeal is from the order of the district court
of Sedgwick county overruling the appellant's motion to vacate
and set aside the sentence imposed by the court on June 6, 1962.
Relief was sought on motion under the provisions of K. S. A. 60-1507
implemented by Rule No. 121 of this court (194 Kan. xxvii).

The appellant, William Delos Chappell, Jr., entered a plea of
guilty to each of two counts of armed robbery and to a third
count of having possession of a firearm after having been convicted
of a felony. He was given a life sentence under the habitual
criminal act, K. S. A. 21-107a, and is now serving such sentence at
the Kansas State Penitentiary. Appellant was duly represented by
counsel before and after the sentencing.

Appellant did not comply with the rules of this court requiring
such motion to state facts which support each of his grounds for

the motion and to give names and addresses of the witnesses or other evidence upon which he intends to rely to prove such facts. The district judge summarily denied the motion to vacate, and he set forth in the summary decision his reasons as follows:

"Defendant complains that his prior out-of-state convictions upon which he was sentenced by this court under the Habitual Criminal Act are void. The Supreme Court of Kansas has ruled that in defendant's situation the full faith and credit clause of the United States Constitution requires that the courts of this state give full faith and credit to the judgments of the courts of other states.

"Defendant's other complaints . . . are found to be unsupported and without merit."

Appellant appealed from this order. In his post conviction motion and on appeal the appellant attacked the validity of his three prior felony convictions rendered in the state of Florida. The trial court received competent evidence of these convictions. Appellant's counsel in the court below stipulated that appellant was convicted in January, 1956, for breaking and entering with intent to commit a felony; for escape in October, 1956; and, for carrying a pistol after conviction of a felony in May, 1959.

Appellant's position as outlined in the motion is that his three prior convictions are legal nullities under the mandate of *Gideon v. Wainright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed 2d 799, 93 A. L. R. 2d 733. As legal nullities they cannot be used as the prior convictions upon which to predicate an application of K. S. A. 21-107a, and he argues that his sentence as a habitual criminal was invalid.

We find no case in which *Gideon* has been held to render all convictions in Florida legal nullities as a matter of law. The full faith and credit clause of the United States Constitution requires this state to give full faith and credit to judgments of the courts of our sister states. The argument made by appellant was previously urged upon this court and refuted in *State v. Engberg,* 194 Kan. 520, p. 526, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed 2d 676, 86 S. Ct. 899. We see no reason to modify that decision. The present prior felony convictions occurred within the jurisdiction of the Florida courts. The convictions are entitled to full faith and credit in this case, and appellant is precluded from making a collateral attack upon them.

Appellant urges that the lower court was required under our Rule No. 121 (*h*) to provide him a day of sunshine at a full evidentiary hearing to be held on his motion to vacate.

When the records and files in a criminal proceeding clearly refute the arguments of the appellant it is unnecessary to have appellant before the trial court when the hearing is conducted. (*State v. Burnett*, 194 Kan. 645, 400 P. 2d 971, *McFarland v. State*, 196 Kan. 417, p. 420, 411 P. 2d 658.)

When there are no disputed facts presented in the motion to vacate, an evidentiary hearing is not required. (*Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581; *Smith v. State*, 196 Kan. 438, Syl. 5, 411 P. 2d 663; Rule No. 121 (*f*), (*g*), (*h*), (*i*) and (*j*), 194 Kan. xxviii.)

All other contentions of appellant as contained in his specification of points have been examined and found without merit or have been abandoned by him.

The judgment of the lower court is affirmed.