No. 44,605

Ira T. Davis, *Appellant,* v. State of Kansas, *Appellee.*

(419 P. 2d 832)

Opinion filed November 5, 1966.

*Harlan Long,* of Mission, argued the cause and was on the briefs for the appellant.

*Hugh H. Kreamer,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal by the petitioner from an adverse ruling in a proceeding instituted pursuant to the provisions of K. S. A. 60-1507.

Petitioner contends (1) that he was not represented by competent counsel, (2) that the offense for which he was convicted occurred in Missouri, rather than Kansas, and (3) that the district court erred in failing to give a full hearing on his motion to vacate.

The petitioner was originally charged with soliciting a minor child to submit to an immoral act. On May 8, 1964, he wavied preliminary hearing and was bound over for trial in the district court. Subsequently, petitioner retained counsel of his own choice, Wayne L. Zeigler. Petitioner was arraigned and entered a plea of not guilty on May 25 and his trial was set for June 4. On June 2 petitioner requested and received a continuance and his trial was reset for June 11. He appeared in district court with his counsel and changed his plea to guilty on June 10. His plea was accepted by the court and he was sentenced to not less than one nor more than five years in the Kansas State Penitentiary. After sentencing the court fully advised petitioner of his rights of appeal.

Petitioner did not appeal but, almost a year later, on April 14,

1965, filed in the sentencing court a motion to vacate pursuant to K. S. A. 60-1507. Two days later, and on April 16, the court considered petitioner's motion and denied relief. The journal entry in pertinent parts reflects the following:

". . . The court after examining said motion and being fully apprised in the premises finds from the motions, the files and records of the case, that it conclusively shows that the petitioner is entitled to no relief. The petitioner's motion to vacate is overruled and denied for the following reasons:

"1. the petitioner was not entitled to counsel at the time of the preliminary hearing;

"2. the petitioner voluntarily entered a plea of guilty to the charge contained in the Information;

"3. at all times before the District Court the petitioner was represented by competent counsel of his own choosing;

"4. petitioner's appeal rights from the judgment, order and sentence of the Court have long since expired;

.    .    .    .    .    .    .    .    .    .    .    .

"6. the records show that at the time of sentencing the Court advised the defendant of his right to appeal pursuant to Rule 56 of the Supreme Court of Kansas and Chapter 305 of the 1963 Session Laws of the State of Kansas."

Thereafter, on April 24, 1965, the petitioner filed a notice of appeal from the district court's order of April 14, together with an affidavit to proceed *in forma pauperis*. The district court granted leave to appeal *in forma pauperis* and appointed present counsel on November 24. The delay is not explained in the record. Petitioner's newly appointed counsel first filed a motion for a rehearing in the district court.

On January 5, 1966, the district court, after hearing arguments of counsel, denied the motion for rehearing. There were no additional issues presented on the motion for rehearing.

The principal argument advanced by petitioner in his brief on appeal is that he claims inadequate representation at the time of entering his plea and that such a contention could not be summarily disposed of by the trial court without an evidentiary hearing.

In order to pursue a careful examination of the district court's proceedings in our review, we have secured the original files of the district court and a complete transcript of the proceedings at the time of sentencing and of the hearing on the motion for a rehearing in the 60-1507 proceeding. The files and transcripts referred to and the motion of petitioner constitute the files and records upon which the district court based its determination that petitioner was not entitled to relief.

Our examination of petitioner's motion, which was filed in the form provided for in Rule No. 121, 194 Kan. xxvii, reveals that petitioner did not allege any specific instance or manner in which counsel failed to adequately represent him. Neither does he state any facts or name any witnesses or indicate any evidence whatsoever that would support his complaint. Nor do we find any of these factors offered in the argument of his counsel to the district court on the motion for rehearing. The bald assertion of petitioner standing alone is insufficient to raise a substantial issue of fact. A complaint of inadequacy of counsel was described in language applicable here in *Shores v. State*, 195 Kan. 705, 408 P. 2d 608, where we stated:

"This is but another instance of a convicted felon who has received the legal benefit of able and competent counsel, as disclosed by the record, who now, as mere afterthought, baldly asserts, without any basis whatsoever, that his counsel was incompetent and inadequate." (p. 710.)

The careful interrogation of petitioner by the district court before accepting his plea, as revealed by the transcript, discloses that petitioner had been fully advised by counsel and that he thoroughly understood his position and the consequences of his plea of guilty. Even though petitioner had ample opportunity during interrogation by the court he failed to object on the grounds the offense was committed in Missouri as he now claims. This point is not argued or relied on by petitioner in his brief and therefore must be considered as abandoned on appeal. We note, however, that his complaint as to jurisdiction is wholly unsupported by any evidence or offer thereof, other than his own assertion.

In *State v. Burnett*, 194 Kan. 645, 400 P. 2d 971, we said:

". . . The corollary of the requirements that a full, or plenary, hearing be accorded a prisoner, when substantial questions are raised, is the court's right to dispense with such a complete hearing and to determine the questions submitted in a more summary fashion whenever, 'the files and records of the case conclusively show that the movant is entitled to no relief.'" (p. 647.)

See, also, *Kelly v. State*, 196 Kan. 428, 411 P. 2d 611, *Smith v. State*, 196 Kan. 438, 411 P. 2d 663, and *Sanders v. State*, 195 Kan. 701, 408 P. 2d 587, cert. den. 383 U. S. 961, 16 L. Ed. 2d 303, 86 S. Ct. 1230.

From our examination of the files and records we must agree with the district court that no substantial issues of fact or law were

raised by petitioner's motion which would necessitate the petitioner's presence or the appointment of counsel.

The findings and conclusions of the district court in the 60-1507 proceeding are sustained by the record.

The judgment is affirmed.

O'CONNOR, J., not participating.