No. 45,891

BUFORD EUGENE BARNES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(476 P. 2d 212)

Opinion filed November 7, 1970.

*Roger D. Hughey,* of Smith, Shay, Farmer & Wetta, of Wichita, argued the cause and was on the brief for appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order denying relief under K. S. A. 60-1507. Relief was denied by the district court without a plenary hearing for the reason that the files and records of the case conclusively showed the petitioner was entitled to no relief. This appeal raises no new questions of law and we affirm the order of the district court on the basis of prior decisions of this court.

On March 12, 1968, the appellant with his court appointed attorney, Mr. Appling, entered pleas of guilty to robbery and felonious assault. Immediately prior thereto the state dismissed a third count of kidnapping at the suggestion of appellant's attorney.

The record at plea and sentencing contains the following colloquy between the court and Mr. Barnes:

"THE COURT: Count No. 2 charges that on or about the 22nd of January, this year of taking—charges you with on that date, taking an automobile from one James E. Ferguson, in other words, robbery in the first degree. How do you plead? Guilty or not guilty?

"MR. BARNES: Guilty.

"THE COURT: You are pleading guilty, because you are guilty?

"MR. BARNES: Yes, sir.

"THE COURT: You actually took this Plymouth automobile by force or threat?

"MR. BARNES: Yes, sir.

"THE COURT: In the third count you are charged with assault with intent to maim or rob James E. Ferguson on the same date. How do you plead to that count? Guilty or not guilty?

"MR. BARNES: Guilty.

"THE COURT: You are pleading guilty because you are guilty?

"MR. BARNES: Yes, sir.

"THE COURT: In other words, you did stab James E. Ferguson with a knife?

"MR. BARNES: Yes, sir.

"THE COURT: Mr. Appling, do you have any legal reason why the Court should not pronounce sentence at this time?

"MR. APPLING: No, Your Honor."

The motion to vacate filed by appellant listed no witnesses by whom his conclusionary claims might be proved.

On appeal he relies on four points.

His claim that the court erred in not granting an evidentiary hearing in his presence is without merit under the rules laid down by this court in *Fields v. State,* 195 Kan. 718, 408 P. 2d 674 and *Stiles v. State,* 201 Kan. 387, 440 P. 2d 592.

His claim that the court erred in finding his plea was understandingly and voluntarily made is without merit under the rules laid down by this court in *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22.

His claim that the court erred in not finding there was ineffective assistance of counsel is without merit under rules laid down by this court in *Davis v. State,* 197 Kan. 576, 419 P. 2d 832.

His final claim that the court erred in not appointing counsel at the hearing on the motion to vacate is likewise disposed of by *Davis v. State,* supra, and *Stiles v. State,* supra.

The claims made in appellant's original motion to vacate which are not briefed or argued in this appeal are deemed abandoned under the rules stated in *Basker v. State,* 202 Kan. 177, 446 P. 2d 780.

The judgment is affirmed.